Nov. Term, 1840.

THE STATE
v.
ATKINS.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*C. Fletcher* and *O. Butler*, for the plaintiff.

*S. Judah* and *A. T. Ellis*, for the defendant.

---

## THE STATE *v.* ATKINS.

An indictment for passing a counterfeit bank-note, &c. must profess to set out, not the effect, purport, or substance only of the note, but an exact copy of it.

*Wednesday, December 2.*

ERROR to the *Noble* Circuit Court.

DEWEY, J.—This was a prosecution for passing counterfeit bank-bills as true, knowing them to be false. The indictment contains three counts. In two of them the false bill is alleged to be " of the following purport and effect, to wit," &c.; and in the other, to be " of the following purport, to wit," &c. Plea, not guilty, jury trial, and verdict of conviction; judgment arrested by the Court and the prisoner discharged.

We concur in the decision of the Circuit Court arresting the judgment. In cases of forgery, or of knowingly uttering counterfeited instruments of writing, the indictment must profess to set out an exact copy of the counterfeit, that the Court may see it is one of those instruments, the false making or passing of which is punishable by law. The most technical mode of doing this, is to preface the recital of the instrument by the words " to the tenor following;" but equivalent terms, such as " in these words," or " as follows," or " in the words and figures following," will do. 1 Chitt. C. L. 234.—3 id. 1040.—1 East, 180. *Purport*, however, has a signification different from tenor; it means the *substance* as it appears on the face of the instrument; *tenor* imports an exact copy. 1 Chitt. C. L. 235.—2 East, C. L. 983. The indictment in question is defective in professing to set out the effect, purport, or substance only of the fictitious bills.

*Per Curiam.*—The judgment is affirmed.

*W. J. Peaslee*, for the state.

*D. H. Colerick* and *W. H. Coombs*, for the defendant.