THEODORE RILEY, Plaintiff in Error, v. SAMUEL DICKENS, Defendant in Error.

### ERROR TO MARION.

It is for the court to decide, as a matter of law, what are the letters and figures used in an instrument offered in evidence, and the meaning to be attached to them; and also, whether the instrument offered in evidence varies from that declared on.

In a question of doubt, as to the intention of parties in describing the amount for which a promissory note is given, it is proper to refer to the check-mark, or figures, in the margin of a note, as explanatory of such intention. The check-mark is no part of the note, and is only to be referred to as a circumstance.

An instruction asked for, which has no application to the case proved, is abstract, and should not be given.

THIS was an action of assumpsit, brought to the Marion Circuit Court, by Samuel E. Dickens, as assignee of Joshua E. Dickens, against the present plaintiff in error, to recover the sum of one hundred and ten dollars, the amount of a promissory note, dated November 25th, 1854, and payable thirteen months from date.

On the margin of the note were the following figures, " $110 00." The body of the note read for " two hundred and ten $\frac{}{100}$ dollars." On the trial in the Circuit Court, the counsel for defendant, and plaintiff here, objected to the admission of the note offered in evidence. The apparent discrepancy between the note offered in evidence and the one declared upon, which

was made the foundation for admitting in proof, is stated in the opinion of the court. The cause was tried before BREESE, Justice, and a jury, at March term, 1857, of the Marion Circuit Court.

There was a verdict and judgment in favor of the plaintiff below, for the amount of the note sued on.

P. P. HAMILTON, for Plaintiff in Error.

S. L. BRYAN and J. N. HAYNIE, for Defendant in Error.

CATON, C. J.   It was for the court to decide, as a matter of law, what were the letters and figures used in the instrument offered in evidence, and the meaning to be attached to them, and whether the note varied from the one declared on.   We have examined the original paper, and have no doubt that the court read and construed it properly, and rightly held, that it did not vary from the one declared on.   The declaration is on a promissory note for one hundred and ten dollars, which is attempted to be set out only according to its legal effect.   The note offered in evidence is, as the court read it, for one hundred and ten dollars, and, as the defendant below insisted it should be read, is for too hundred and ten dollars.   The only pretense for calling the first character the letter *t*, instead of the figure 1, is a slight cross at the top of the character, but in other respects it has no resemblance to the letter.   It terminates at the bottom like the figure, and does not turn up like the letter.   The two succeeding characters are disconnected from the first, as is usual with figures, and are not connected with the first, as is commonly the case with all the letters in a word in manuscript.   But were it doubtful whether these were intended for the figures 100, or the word claimed to mean *two*, it was proper to refer to the figures or check-mark in the margin of the note, not to control the words used in the body of the note, but to show what those words were, when that is doubtful by inspection.   If there is no doubt as to what the letters and words in the body of the note are, the figures in the margin cannot be used to contradict or control them.   The figures in the margin are certainly no part of the legal obligation created by the note, or, in other words, are no part of the note itself; but are outside of it, and can only be resorted to where other collateral circumstances or evidence can be.   This check-mark is called, in the books, the superscription; and may be either in words or in characters and figures.   It has been even held, where the sum in the body of the note was left blank, that a *bona fide* holder was authorized to fill the blank by the sum mentioned in the margin or super-

scription. *Norwich Bank* v. *Hyde*, 13 Conn. 279. See Chitty on Bills, 9th ed., 172. In this case, the check-mark or super-scription is $110, leaving no doubt as to the meaning of the figures in the body of the note. The court properly directed, that there was no variance between the note offered in evidence and the declaration, and hence, there was no occasion to instruct the jury upon the law on the subject of variance. The instruction asked was not applicable to the case proved, and hence abstract; and, to have given it, would have been improper, if not erroneous.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*