## BOSTICK vs. THE STATE.

[INDICTMENT FOR FORGERY.]

1. *Statutory provisions.*—Section 3154 of the Code, respecting the forgery of bank-bills, contains a typographical error, in the use of the word *alters* instead of *utters*.
2. *Sufficiency of indictment.*—In an indictment for the forgery of a counterfeit bank-bill, under section 3154 of the Code, it is not necessary to allege that the bank-bill was issued to circulate as money, nor is it necessary to set out the bill accord'ng to its tenor.

ERROR to the City Court of Mobile.

Tried before the Hon. ALEX. McKINSTRY.

THE indictment in this case contained two counts, the first of which was in these words:

"The grand jury of said county charge, that before the finding of this indictment, one Bostick, whose first name is to the jury unknown, having in his possession a certain falsely altered, forged, or counterfeited instrument, purporting to be a bank-bill for one hundred dollars, issued, or purporting to be issued, by the Bank of the State of Georgia, an incorporated bank of the State of Georgia, the said falsely altered, forged, or counterfeited bank-bill or instrument did utter and publish as true, and with intent to defraud; he, the said Bostick, at the time of said uttering and publishing, well knowing said bank-bill or instrument to be forged, altered, or counterfeited; against the peace and dignity of the State of Alabama."

The prisoner pleaded not guilty, was tried on that plea, and found "guilty as charged in the first count of the indictment."

BEN LANE POSEY, for the plaintiff in error, made the following (with other) points: 1. The indictment is defective, because it does not allege that the bank-bill was "issued to circulate as money." The statute on which the indictment is founded, (Code, §§ 3153-4,) creates no new offense, but makes a felony of an offense which was only a misdemeanor at common law; consequently, the indictment should be framed as at common law, and should set out the particular ingredients and circumstances which constitute the offense, as declared by the statute.—Beasley v. The State, 18 Ala. 535; Butler v. The State, 22 Ala. 43; Martin and Flinn v. The State, 29 Ala. 30. The design of the statute was, to prevent the forgery of the common currency of the State, which consists in part of bank-bills; and therefore it describes them as bank-bills "issued to circulate as money." So it prohibits the forgery, or uttering of the counterfeit, of the gold, silver, or other coin, which is at the time current in the State. If it is not at

the time current in this State, the forgery of it is no crime ; and the indictment must, therefore, allege that it was current at the time.—Nicholson v. The State, 18 Ala. 529. Bank-bills are as much money as gold or silver, and constitute the greater part of the currency of the State. Corbett v. The State, 31 Ala. 329. If bank-bills are wholly uncurrent and worthless, because the bank is broken, they have no inherent value, as gold and silver have ; and therefore, there is even greater reason why it should be averrred that they were current, or "issued to circulate as money." To counterfeit a bank-bill which, if genuine, is wholly worthless, does not come within the statute.

2. The indictment does not state the facts and circum_ stances of the offense, so as to inform the accused "of the nature and cause of the accusation against him," to enable him to prepare fully for his defense, or to plead a former conviction or acquittal to a subsequent indictment for the same offense ; nor does it show to the court that he was tried for the same offense for which he was indicted. 1 Arch. Cr. Law, 84, 85, 119 ; 2 Cush. (Miss.) 590 ; 20 Ala. 83 ; 22 Ala. 10. It does not set out the name of the person to whom the bill was uttered. It contains no appropriate words of description limiting the meaning of the word *bank*, which is a generic term of vague import, and the meaning of which is limited by special words in the statute.—7 Porter, 101 ; 2 Stewart, 11 ; 18 Ala. 415. It does not state that the Bank of the State of Georgia was an existing corporation when the forgery was committed. It does not set out the instrument alleged to be forged, according to its tenor or purport, nor give any reason for the omission to do so ; and all the authorities agree· that this must be done.—State v. Houghton, 8 Mass. 107 ; Butler v. State, 22 Ala. 43 ; Morton v. State, 30 Ala. 527 ; Code, § 3525 ; Thompson v. State, 30 Ala. 28. Whether the instrument was a bank-bill or not, is a conclusion of law, which the court cannot judicially determine unless the instrument is set out, or properly described.

3. The language of the indictment, and of the statute

Bostick v. The State.

on which it is founded, is solecistic, contradictory, and absurd.

M. A. BALDWIN, Attorney-General, *contra.*

R. W. WALKER, J.—This indictment is founded upon section 3154 of the Code, which is in these words : " Any person who utters and publishes as true, and with intent to defraud, any falsely altered, forged, or counterfeited bank-bill, or any one of the instruments, securities, or evidences of debt specified in the two preceding sections, knowing the same to be forged, altered, or counterfeited, is guilty of forgery in the first degree."

In the printed copy of the Code, the word *uttered* in the first line of this section is printed *altered.* But the context clearly shows the mistake, and we have no hesitation in saying that *uttered* is the correct reading.

The principal objection urged to this indictment is, that it does not allege that the bank-bill, which the defendant is charged with having uttered, "was issued to circulate as money." Such an allegation was, we think, unnecessary. It will be observed, that section 3514 reaches persons who utter "any falsely altered, forged, or counterfeited bank-bill, *or* any of the securities or evidences of debt specified in the two preceding sections." Section 3153 refers to the fraudulent altering of " any bill or note of any bank or banking association of this or any other State, issued to circulate as money;" but it is confined to cases in which such alteration is effected ' by abstracting a part from such bill or note, or by incorporating therein a part taken from some other bill or note.' Section 3152 embraces persons who alter, forge, or counterfeit any check, draft, bill, or warrant drawn on any bank," &c. Section 3151 provides for the offense of altering, forging, or counterfeiting "any bank-bill, promissory note, draft, or check, issued by any incorporated bank or banking company of this or any other State." An indictment under this last section, for altering, forging, or counterfeiting a bank-bill, need not allege that the bill was issued to circulate as money.—See Form No. 39, Code, p. 703.

In like manner, an indictment under section 3154, for uttering and publishing as true " an altered, forged, or counterfeited bank-bill," is good, without an allegation that such bill was issued to circulate as money. It is no part of the statutory description of either of the offenses embraced by sections 3151 and 3154, that the bank-bill must be ' issued to circulate as money;' and hence such an averment is not necessary. It may be that an indictment under section 3153 would be defective, if it failed to allege that the bill ' was issued to circulate as money;' for that is part of the statutory description of the particular offense defined by that section. But these words do not enter into the description or definition of the offense prohibited by section 3154; and it was, therefore, not at all necessary to incorporate them in the indictment.

Under the Code, it is not necessary in an indictment for the forgery of a bank-bill, or for uttering a forged, altered, or counterfeited bank-bill, to set out the bill according to its tenor.—See Form 39, p. 703.

Judgment affirmed.