"Debt" and "deposit" are·not synonymous. To say a deposit of a chattel made it a debt, would be a misuse of terms.

The Act of Congress being a restraint of the natural right of parties to contract, should be strictly construed. A contract to pay in wheat at a specified price, could not be discharged by tender of the sum in money: Meason *v.* Phillips, Add. Rep. 346. The parties waived the Act of Congress, which they might do: Bowman *v.* Smiley, 7 Casey 225.


GRAHAM, for the use of MEHN, *versus* MARSHALL *et al.,* trading as "THE MERCHANTS' AND FARMERS' BANK."

ERROR to the Court of Common Pleas of *Allegheny county*.

This was an action of *assumpsit* by James Graham, for the use of Thomas Mehn, *against* James Marshall, John Brown, John Dean, A. M. Marshall and William Walker, who, with Robert McPherson, not summoned, composed "The Merchants' and Farmers' Bank."

The suit was on the following instrument:

No. 916.               Allegheny, March 24th 1862.

Six *months after date The Merchants' and Farmers' Bank will pay* James Graham, Esq., Fourteen Thousand One Hundred and Forty-Five *Dollars with interest till due at the rate of* five *per cent. per annum.*

*If not presented at maturity, it will be continued as a renewal.*
$14.145, specie.           J. C. PORTER, *Cashier.*

The pleas were *non assumpserunt* and tender.

It was admitted that the consideration of the certificate was $11,000 in gold and $3145 in New York exchange, which at the date of the certificate was equivalent to gold. It was also proved that "specie," on the margin of the certificate, meant, that it was payable "in coin—gold or silver."

The plaintiff, with a notary, on the 27th of March 1863, demanded payment of the amount and interest in specie, which

was refused by the cashier, who offered " to pay it in legal-tender notes." The certificate was then protested.

The court (Stowe, J.) charged, as stated in the assignments of error.

The jury found accordingly, and the plaintiff took a writ of error.

The errors assigned were, that the court charged:—

" 1. That ·it is immaterial whether there was a special agreement to pay in specie or not: or, whether the agreement or contract was made before the passage of the Act of Congress [of February 25th 1862], or afterwards—the agreement is simply void.

" 2. You will return a verdict simply for the amount of the certificate of deposit with interest at 5 per cent., till demand, 27th March 1863, adding interest from bringing of suit to the present time."

*A. H. Miller* and *James Veech*, for plaintiff in error.—The late Acts of Congress made treasury notes a legal tender, but the laws making gold and silver coins a legal tender have not been repealed. There being two kinds of *lawful* money at the date of the certificate, the parties might elect either; they chose " specie," or the *kind* of money left with the defendants. The case of Mixed Money, Davies Rep. 48, stated in Story on Prom. Notes, § 390, n. 2, is disapproved in Story's Confl. of Laws, § 313, n. 2.

In Searight *v.* Calbraith, 4 Dall. 325, where the payment was to be made in Paris, the court left it to the jury to find whether assignats or specie was intended.

If the offer to the notary to pay in " legal-tender notes" was a tender (which it was not), the tender should have been kept up, and the money should have been in court at the trial: Sheredine *v.* Gaul, 2 Dall. 190; Williams *v.* Bentley, 3 Casey 294. The plaintiff's demand for *gold* did not dispense with this duty. The plaintiff is entitled to interest between the time of the demand and bringing the suit.

*Hamilton & Acheson* and *Marshall & Brown*, for defendants in error.—The instrument is a non-negotiable promissory note for the payment of money generally, unless the words " specie" in the margin is made part of it. The note having all words necessary to make a complete contract, there is no need for additional words. The words in the body of a writing, are the substance whereunto special regard is to be had: Marins, 4th ed., p. 83. " Specie" is no part of the note: Payne *v.* Clark, 19 Miss. 152; Mears *v.* Graham, 8 Blackf. 144; Smith *v.* Smith, 1 R. I. 398; Norwich Bank *v.* Hyde, 13 Conn. 279. Marginal memoranda may be referred to when the body of the note is obscure: Riley *v.* Dick

[Graham *v.* Marshall.]

ens, 19 Ill. 29; Saunderson *v.* Piper, 5 Bing. N. C. 425 (35 E. C. L. R.); 2 Green. Ev. § 251.

The consideration of the note being in specie does not imply a promise to pay in specie. The legal effect of the undertaking was to pay in money generally, and there was no waiver of the right of defendants to pay in legal-tender notes. The act makes these notes a legal tender in payment of all private debts. The design was to create a national currency to be an equivalent to coin. Courts then cannot declare otherwise, nor render judgments recognising a difference, when the law says there shall be none. A dollar by law is a dollar, whether represented by coin or *lawful* notes.

This currency was created for the public convenience, and individual rights must yield to the public interest when there is a conflict.

A tender does not extinguish the debt, but bars a claim for interest. The failure to plead the tender in time, and bring the money into court, only subjects the defendants to costs and interest from the issuing of the writ.