## No. 5885.

### STATE OF LOUISIANA VS. JULES PONS, ALIAS E. MAIRAIRE.

Prior to the act of 1855 it was the rule that the indictment must contain an exact copy or recital of the instrument forged, when the prosecuting officer undertakes to set it out by its tenor. But since the act aforesaid the rule has been different in this State. The statute provides that " in any indictment for forgery, stealing, embezzling, uttering, destroying, or conceling, or for obtaining by false pretenses any instrument, it shall be sufficient to describe such instrument by any name or designation by which the same may be usually known, or by the purport thereof, without setting out any copy or *fac simile* thereof, or otherwise describing the same, or the value thereof." R. S. sec. 1049.

APPEAL from the Superior Criminal Court, parish of Orleans. *Atocha*, J. *John McPhelin*, District Attorney, and *A. P. Field*, Attorney General, for plaintiff and appellee. *J. H. Ferguson*, for defendant and appellant.

LUDELING, C. J. The defendant has appealed from a judgment of the Superior Criminal Court of New Orleans condemning him to imprisonment in the Penitentiary for four years.

He assigns as error the refusal of the judge *a quo* to arrest the judgment on his motion, which alleged that " the information herein filed is defective in substance, and is such that the defendant would be unable to plead *autrefois acquit* or *autrefois convict* to a subsequent information or indictment filed for the same offense, the description of the instrument alleged to have been forged and published as true not being such as is required by law."

The information contained two counts. The first charged that " one Jules Pons, *alias* E. Mairaire, late, etc., feloniously did falsely make,

forge, and counterfeit, and cause and procure to be made, forged, and counterfeited, a certain note for the payment of money, with intent to injure one Joseph Le Blanc and divers other persons," etc.

The second count charged that "after the commission of the felony in the manner and form aforesaid, the said Jules Pons, *alias* E. Mairairc, having in his possession a certain false, forged, and counterfeited order for the payment of money, feloniously did publish as true the said false, forged, and counterfeited order for the payment of money, he, the said Jules Pons, *alias* E. Mairaire, then and there well knowing that said order for the payment of money was false, forged, and counterfeited, with intent to injure and defraud the said Joseph Le Blanc," etc.

Prior to the act of 1855 it was the rule that the indictment must contain an exact copy or recital of the instrument forged, when the prosecuting officer undertakes to set it out by its tenor. But even then, the Court of Errors and Appeals of this State said: "While we admit the law, with its reasons, to be as stated, we have not the least desire to strengthen the rule by an unlimited application of it." 8 R. 542.

Since the act of 1855 the rule has been different in this State. The statute provides that "in any indictment for forging, uttering, stealing, embezzling, destroying, or canceling, or for obtaining by false pretenses any instrument, it shall be sufficient to describe such instrument by any name or designation by which the same may be usually known, or by the purport thereof, without setting out any copy or *fac simile* thereof, or otherwise describing the same or the value thereof." R. S. sec. 1049.

The motion in arrest of judgment was therefore properly overruled.

It is ordered that the judgment of the district court be affirmed.