No. 9962.

## MUNSON v. THE STATE.

CRIMINAL LAW.—*Forgery.*—*Indictment.*—The general rule, that an indictment for forgery must set out the forged instrument according to its tenor, does not apply when the instrument, while in the defendant's possession, has been destroyed or so mutilated as to make this impossible; in such cases only the substance of the instrument need be stated; and this seems to be so though parol evidence, sufficient to supply the missing parts of the instrument, be at hand.

SAME.—*Evidence.*—That an instrument so mutilated while in the possession of the defendant has subsequently been rendered still more so, without design, by reason of the paper becoming brittle by burning when in his possession, is no objection to its admissibility in evidence on behalf of the State.

From the Switzerland Circuit Court.

*J. D. Works, J. A. Works, R. B. Duncan, C. W. Smith* and *J. S. Duncan*, for appellant.

*D. P. Baldwin*, Attorney General, *W. W. Thornton* and *E. G. Hay*, Prosecuting Attorney, for the State.

NIBLACK, J.—This was a prosecution against Gurley Munson, for forgery.

The indictment was in six counts. A motion to quash each count of the indictment, interposed by the defendant, was overruled. A jury returned a verdict of guilty as charged in the fifth and sixth counts of the indictment, fixing the punishment at a fine of one dollar and imprisonment in the State's prison for the term of two years. Judgment was rendered accord-

ingly upon the verdict, a motion for a new trial being first overruled.

Error is assigned upon the overruling of the defendant's motion to quash the several counts of the indictment, but counsel have only argued the alleged insufficiency of the fifth and sixth counts upon which the defendant was convicted.

The fifth count charged, that on the 20th day of March, 1879, one William Spencer executed a promissory note for $20, payable to the Copper and Cable Lightning Rod Company, on or before the 20th day of October, 1879, and delivered the same to the defendant as the agent for, and as a professed member of, said lightning rod company; that afterwards, on the 31st day of March, 1879, the defendant, at the county of Switzerland, in this State, and without the knowledge or consent of the said Spencer, did falsely, fraudulently and feloniously alter said promissory note in a material part thereof, by then and there inserting in the body of such note the words "one hundred and" immediately before the word "twenty" and the figures "$\frac{95}{100}$," immediately after the "twenty" and before the word "dollars," whereby said note was so altered and changed as to become what purported to be a note executed by the said Spencer to the lightning rod company above named, for the payment of the sum of one hundred and twenty dollars and ninety-five cents, instead of for the payment of twenty dollars, with the intent then and there and thereby to defraud the said Spencer; that afterwards said note was, by some person to the grand jurors unknown, so burned, blotted and blurred, and had thereby become so mutilated, that the grand jury was unable to set out the same according to its tenor, and to give more than the substance thereof, as in said count had been done.

The sixth count charged the defendant with having, on the 31st day of March, 1879, uttered and published the note described in the fifth count, and with having passed the same as genuine to one James Knox, after it had been so falsely, fraudulently and feloniously altered by him, the defendant, as in

the fifth count alleged, and knowing the same to be forged, with the intent thereby to defraud the said Knox, stating merely the substance of the note, and not setting it out according to its tenor, and concluding with the averments, " that afterwards, to wit, on the 9th day of April, 1879, the said Gurley Munson procured the possession of said altered and forged note from the said James Knox, and while the same was retained in the possession and under the control of the said Gurley Munson, the words ' one hundred and,' which had previously been inserted therein as aforesaid, were erased and obliterated from said note, and portions of said note at and near the lower left-hand corner thereof, containing certain words and figures thereof, were blurred, mutilated and destroyed, and other parts of said note were blotted and blurred by some person or persons, to said grand jurors unknown, and that by reason thereof the said grand jurors are unable to set out herein accurately, and according to the tenor thereof, the contents of said promissory note either as it existed before, or as it existed after, the said fraudulent and material alteration thereof by the said Gurley Munson as aforesaid, and that further, by reason thereof, said contents can not now be ascertained by the inspection of said note, but can be shown only by parol evidence."

The objection urged to both of these counts of the indictment is, that neither one alleged a sufficient excuse for not setting out the note according to its tenor, and it is insisted that for that reason the motion to quash ought to have been sustained as to both counts.

It is a well recognized rule in criminal pleading, that, in prosecutions for forgery, the instrument charged to be forged must be set out in the indictment according to its tenor, so that the court may be able to judge of the character of the instrument and to determine whether it is one concerning which the crime of forgery may be committed. But when the instrument has been lost or destroyed, or is in the possession of the defendant, the substance of it need only be set out.

*State* v. *Atkins*, 5 Blackf. 458 ; Bicknell Crim. Prac. 359, 360 ; Moore's Crim. Law, section 751, and notes ; 2 Archb. Crim. Prac. & Pl. 1567 ; 3 Greenl. Ev., section 107 ; 2 Russ. Crimes, 9th edition, 796 ; 2 Whart. Crim. Law, sections 1480 to 1485.

Both of the counts under consideration averred facts showing a partial destruction of the note charged to have been feloniously altered, and thus bringing this case within the spirit and meaning of the exception, named as above, in favor of instruments which have been destroyed when the indictment is returned.

In our opinion, therefore, both counts showed a sufficient excuse for not setting out the note according to its tenor, as the general rule requires in indictments for forgery.

It was made to appear at the trial that in April, 1879, a few days after he had regained possession of the note from James Knox, to whom it had been temporarily transferred as collateral security, the defendant gave the note to one Armstrong Hull for collection ; that Hull received twenty dollars soon afterwards in payment of the note from one John A. Spencer, a son of William Spencer, the maker, surrendering the note at the same time to the said John A. Spencer.

Hull testified that at the time he received the note from the defendant, it had much the appearance that it had at the time of the trial, except that the burned places did not seem so large, and that it was not so much crumbled ; that the printed matter was then legible, and was all in the note ; that he handed the note to the younger Spencer without any break in it ; that nothing crumbled off while in his possession.

The said John A. Spencer testified that when he paid the note and got possession of it, it was burned in places to a crisp, and otherwise blotted and blurred very much as it was at the trial, except that so much had not then dropped out of the burned places as had since seemingly crumbled out.

The note was thereupon offered in evidence on behalf of the State, and the defendant objected to its admission on the ground that it had not been shown that the note had been either blurred

or mutilated while it was in his possession; but the court over- ruled the objection, and permitted the note to be read in evi- dence. It is insisted that the court erred in the admission of the note in evidence.

Waiving all discussion of what might have been the correct practice under other circumstances, we think the fair inference from all the evidence was that the mutilation of the note re- sulted from something which occurred to it while it was in the possession of the defendant, and that the objection to the admissibility of the note in evidence was properly overruled.

At the time the note was read in evidence, the figures "$\frac{95}{100}$" were in the body of it, between the words "twenty" and "dollars."

But one witness testified to having read the note at the time it was temporarily transferred to Knox by the defendant. He stated that it then purported to be a note for $120; that he did not remember having seen the figures "$\frac{95}{100}$" in the note at that time; that he only remembered the note as a $120 note, and that it was his best recollection that those figures were not then on the note.

The defendant also objected to the introduction of the note in evidence upon the ground that there was a variance between the note which had been transferred to Knox and that described in the indictment, but that objection was also overruled.

It was clearly shown that at the time of its execution and delivery to the defendant, the note did not contain the figures "$\frac{95}{100}$." It was also well established that at the time the note was presented to and paid off by John A. Spencer, it did con- tain those figures. The note was consequently admissible in evidence under the fifth count of the indictment which charged simply a felonious alteration by the defendant after its delivery to him. It becomes, therefore, immaterial to in- quire whether the note might properly have been admitted under the sixth count alone.

It is further insisted that the verdict was not sustained by sufficient evidence.

We will not attempt a review of the evidence, as no practical good could result from such a review. There was, what appears to us to have been, evidence fairly tending to sustain the verdict. Under such circumstances we are not permitted to disturb the verdict upon the evidence, where no error has been shown upon its admissibility at the trial.

Other questions were made and reserved upon the motion for a new trial, but what we have said practically disposes of all the questions discussed by counsel in their argument, and it is a well settled rule of practice in this court, that all questions made below, which are not noticed here, are impliedly waived.

No error has been shown in any of those portions of the record to which our attention has been directed.

The judgment is affirmed, with costs.

NIBLACK, J., has written this opinion in accordance with the views of a majority of the judges, and not as, in all respects, an expression of his own views of the case. He believes that the fair inference from the facts averred in the sixth count of the indictment was, that, with the assistance of parol evidence, available for that purpose, the grand jury might have set out the note, charged to have been forged, according to its tenor, and that, under such circumstances, it was the duty of the grand jury to have so set it out; that consequently the excuse given for not setting out the note according to its tenor was an insufficient excuse, for which the motion to quash that count ought to have been sustained.

ELLIOTT, C. J., concurs in the views expressed by NIBLACK, J.