## Joseph Recke et al. v. P. T. Sayers.

1. Promissory Notes—*A Memorandum Made after Execution is No Part of the Note.*—A memorandum made after the execution of a note is no part of it.

2. Evidence—*Court is to Decide upon Meaning to be Attached to Instrument Offered in Evidence.*—It is for the court to decide as a matter of law what are the letters and figures of an instrument offered in evidence, and the meaning to be attached to them.

Trespass on the Case, on promises. Error to the Circuit Court of Kankakee County; the Hon. Robert W. Hilscher, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed January 27, 1903.

T. F. Donovan, T. W. Shields and W. R. Hunter, attorneys for plaintiffs in error.

Daniel H. Paddock, attorney for defendant in error.

Mr. Justice Dibell delivered the opinion of the court.

On February 17, 1902, P. T. Sayers recovered a judgment by confession in the court below against Joseph and Louisa Recke for $333, which amount was the principal of the judgment note pursuant to which the judgment was confessed and $15 attorney's fees as in said note provided. The note was dated October 18, 1900, and was due one year

after date, was payable to the order of W. A. Haines, and was by him specially indorsed to Sayers. Afterward defendants entered a motion to vacate the judgment and for leave to plead. This motion was heard and denied, and defendants filed a bill of exceptions. This is a writ of error to review the order of the court below denying said motion.

Defendants claim that Haines and Sayers are agents of Rannells & Myers, of Troy, Ohio, and held the note in judgment solely as such agents; that this note was given for no consideration except to take up a former instrument given by defendants to Rannells & Myers; that said former instrument was without consideration; that the note in judgment was altered after execution; and that defendants had paid $60, which has not been credited. Defendants supported their motion by their affidavits. The affidavits state that defendants, who are husband and wife, entered into a written contract with Rannells & Myers on or about October 26, 1899, by which the latter sold Joseph some currant bushes for $318, and Rannells & Myers warranted the currant bushes to grow and flourish and produce fruit, and agreed that they would buy the product of said bushes at a stipulated price per quart delivered at the village of Bonfield in Kankakee county; that when the price of the product so purchased at the agreed rate reached $318, the indebtedness was to be canceled; and the affidavits state that said currant bushes never grew, and they were never replaced by Rannells & Myers. These are the facts relied upon as a failure of the consideration for the original contract. The affidavits do not say the currant bushes were not delivered to Recke, but imply they were so delivered pursuant to contract. The affidavits do not state whether the currant bushes were set out by Recke, nor what efforts were used to make them grow, nor whether their failure to grow was the fault of Rannells & Myers or of Recke, nor that Rannells & Myers were ever notified of their failure to grow and asked to replace them. No facts are stated showing that Rannells & Myers have violated their agreement.

It therefore is not shown that there was no consideration for the original agreement to pay $318, nor that that consideration has failed. Further, it does not appear that Rannells & Myers are insolvent or unable to make good their warranty if it shall be violated.

Affiants state that they signed but one contract with Rannells & Myers, but they now believe that one part of it was in the form of a note; that they are informed and believe that Rannells & Myers detached what constituted a promissory note from the original contract, and indorsed it in blank, and delivered it to Haines, their agent; that in October, 1900, Haines informed them he had a note against them for $318; that they told Haines they had not given Rannells & Myers a note, but he insisted they had, and threatened to take their property, as the agent of Rannells & Myers, unless they would give a note for $318, due in one year, without interest; and that if they did they could pay Rannells & Myers such parts as they saw fit during the year and judgment would not be entered against them; and that acting on this proposition they gave the note now in judgment. They do not state what was done with the old note or instrument, but in the silence of the affidavits we must assume it was surrendered to the makers. As the consideration for the original agreement has not been overthrown, that stands as a valuable consideration for the present note. Besides, the compromise of the claim asserted on the old instrument is a sufficient consideration for the new one. It is also to be noted that this note was given about a year after the original contract was entered into, and if there had been any failure of the currant bushes to grow defendants would have been fully aware of that fact then; but their affidavits do not show that they then made any claim to Haines that there had been any breach of contract in that regard, or questioned their liability to pay $318.

The affidavits allege the note in suit bore no interest when defendants executed it, and that it has since been altered to bear interest at six per cent per annum. The

declaration did not aver that the note bore interest and no interest was included in the judgment. Yet if the note was altered so as to make it bear interest, that would defeat it. A copy of the note is in the record before us. There is nothing about interest in the body of the instrument. At the left hand of the printed body of the note, after the word "dollars" in the line just above, and before the printed word "at" and written words "First National Bank, Kankakee, Ill.," is the figure "6" and a character ordinarily used as an abbreviation for "per cent." So far as we can determine from the copy before us, this seems to be a mere memorandum upon the margin of the note, and not a part of the note. We are of opinion the form of this note would not authorize a judgment for interest. It may be this note has at some time been discounted by the original payee at six per cent, and this notation may have been made on the margin to indicate that fact. The original note was before the judge who heard the motion, and has not been certified to us, and, he had a better opportunity than we have to determine whether the exact location of the figure 6 and character following had an appearance of being a part of the note. The affidavits can only be held to show that figure and character were not there when defendants signed the note. If the judge saw they were no part of the note, and that with that notation upon it the note still did not bear interest, then the note had not been altered. It is for the court to decide as a matter of law what are the letters and figures of an instrument offered in evidence, and the meaning to be attached to them. The original note not being before us, we can not say the judge erred in holding, as he must have done, that this instrument does not bear interest at six per cent, and that the notation in question does not mean that, or is not a part of the note. (Riley v. Dickens, 19 Ill. 29; Merritt v. Boyden, 191 Ill. 136, 154.) A memorandum made after the execution of a note is no part of it. (1 Randolph on Commercial Paper, Sec. 190.) This case would be very different if plaintiff had declared upon the note as bearing interest and had recovered interest.

Joseph Recke stated in his affidavit that after this note was given and before judgment was entered thereon he sent Rannells & Myers about ·$60 to apply on said note, and that it was not credited on the note.  He does not state when he sent it, by whom or how he sent it, nor does he show that it ever reached Rannells & Myers.  The facts stated were not sufficient to show Rannells & Myers had received any money which ought to be credited on this judgment.  If he obtains any such proof, the denial of this motion will not bar an action to recover back the sum so sent.  The order is affirmed.