THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM D. TILDEN *et al.* Plaintiffs in Error.

*Opinion filed December 22, 1909.*

1. FORGERY—*indictment must profess to set out exact copy of forged note.* Every indictment for forgery, or other crime which consists in the publication or fabrication of a written instrument, must, on its face, profess to set out the forged instrument according to its tenor, (which means an exact copy,) unless the instrument is in the possession of the accused, destroyed or for some reason inaccessible to the grand jury, in which case the reason for not setting it out must be distinctly averred.

2. SAME—*indictment purporting to set out forged note "in substance" is bad.* An indictment for forging a promissory note, averred to be "in words and figures in substance as follows, to-wit," following which are set out the words and figures of a promissory note, is bad and will not sustain a conviction for forgery. (*Langdale* v. *People,* 100 Ill. 263, and *Trask* v. *People,* 151 id. 523, distinguished.)

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. ARTHUR H. CHETLAIN, Judge, presiding.

FELSENTHAL, FOREMAN & BECKWITH, and WILLIAM S. FORREST, for plaintiffs in error.

W. H. STEAD, Attorney General, and JOHN E. W. WAYMAN, State's Attorney, (ZACH HOFHEIMER, of counsel,) for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

The plaintiffs in error, William D. Tilden and Chauncey L. Graham, were convicted in the criminal court of Cook county upon an indictment consisting of one count, which charged that on June 18, 1906, they "unlawfully, feloniously, fraudulently and wickedly did, with the intent to defraud a certain corporation, to-wit, Milwaukee Avenue State Bank, make, pass, utter and publish a certain false and fictitious note, said note then and there being an instrument of writing for the payment of money and purporting to be the note of Gabriel Artz, which said note is in words and figures in substance as follows, to-wit:

$5000.                           CHICAGO, *June 18, 1906.*
    3 months after date I promise to pay to the order of myself five thousand dollars at the Milwaukee Avenue State Bank, value received, with interest at the rate of six per cent per annum after date.
No. .... Due ...... U. S. Bond.                GABRIEL ARTZ.

"On the back of which said note appears the following: 'Gabriel Artz,' when in fact and in truth, at the time the said false and fictitious note was so as aforesaid made, passed, uttered and published, there was no such individual in existence, they, the said William D. Tilden and said Chauncey L. Graham, then and there well knowing the said note to be fictitious," etc. After verdict finding both the defendants guilty they entered a motion in arrest of judgment, and now insist that it was error to deny this motion because the indictment does not profess to set forth a literal copy of the instrument alleged to be forged and is for that reason bad.

That every indictment for forgery or other crime, the essence of which consists in the publication or fabrication

of a written instrument, must, on its face, profess to set out the instrument according to its tenor, except where the instrument is in the possession of the accused, destroyed or for some other reason not accessible to the grand jury, in which case the excuse for not setting it out must be distinctly averred, is a rule of criminal pleading sustained by text books and decided cases almost without exception. The word "tenor" imports an exact copy,—that the instrument is set forth in the very words and figures. (*Griffin* v. *State,* 14 Ohio St. 55; *Commonwealth* v. *Wright,* 1 Cush. 46; *State* v. *Atkins,* 5 Blackf. 458; *Wright* v. *Clements,* 3 Barn. & Ald. 503; 27 Am. & Eng. Ency. of Law,—2d ed.—46.) It is sufficient, however, if the indictment uses any form of expression indicating that the copy set forth is exact, as, "in the words and figures following," "as follows," "that is to say." The indictment here purports to give the words and figures of the instrument in substance, only, and not exactly.

In Chitty on Criminal Law (vol. 3, p. 1040,) it is said: "Every indictment for forgery must set forth the instrument charged as fictitious in words and figures, in order that the court may be able to judge from the record whether it is a document in respect to which forgery can be committed. * * * The recital of the instrument is usually prefaced by the words 'to the tenor following,' which imports an exact copy; but the words 'as follows' are sufficient. They intend the same and profess the same exactness."

"At common law written instruments, wherever they form a part of the gist of the offense charged, must be set out verbatim. Thus, in the case of forgery the instrument forged must before 2 and 3 Will. IV, c. 127, sec. 3, (*rep.*) have been set out in the indictment in words and figures." Archbold on Crim. Pl., Pr. & Ev. (23d ed.) 74.

In Wharton on Criminal Pleading and Practice the rule is laid down that where the words of a document

are essential ingredients of the offense the document should be set out in words and figures. (Secs. 167-170.) And the same author in American Criminal Law (vol. 2, sec. 1468,) says: "The indictment should not only set forth the tenor of the bill or note forged, but should profess to do so. The instrument charged as fictitious must be set out in words and figures, so that the court may be able to judge from the record whether it be an instrument in respect of which forgery can be committed." The same rule is announced in Bishop on New Criminal Procedure. (Vol. 2, sec. 403.)

There can exist no doubt that it is necessary to the sufficiency of an indictment for forgery at common law that it should set forth the instrument forged with strict verbal accuracy. This rule has been announced and uniformly followed by the courts of England and the various States of this country, and the Federal courts, for a great many years. In 1698 it was announced by the King's Bench in the case of *Rex* v. *Beares*, 1 Ld. Raym. 464. It was again decided in *Rex* v. *Gibbs*, 1 East. 173; *Mason's case*, 1 id. 180*n;* *Loyd's case*, id; *Gilchrist's case*, 2 Leach's C. C. 657; *Rex* v. *Powell*, 1 id. 77. It continued to be the requirement in indictments for forgery until a statute (2 and 3 Will. IV, c. 123, sec. 3, afterwards replaced by 24 and 25 Victoria, c. 98, sec. 42,) made it unnecessary to set forth a copy of the forged instrument. (*Regina* v. *Davies*, 9 C. & P. 427; *Regina* v. *Sharpe*, 8 id. 436; 2 Russell on Crimes, 796.) The same rule has been declared by a large number of decisions of the courts of this country: *West* v. *State*, 30 So. Rep. (Fla.) 854; *State* v. *Callendine*, 8 Clarke, 288; *State* v. *Atkins*, 5 Blackf. 458; *Hill* v. *Commonwealth*, 33 S. W. Rep. (Ky.) 823; *Commonwealth* v. *Haughton*, 8 Mass. 110; *Commonwealth* v. *Wright*, 1 Cush. 46; *Commonwealth* v. *Tarbox*, id. 66; *State* v. *Bonney*, 34 Me. 383; *State* v. *Witham*, 47 id. 165; *State* v. *Gustin*, 5 N. J. L. 744; *State* v. *Potts*, 4 Halst. 26; *State*

v. *Twitty,* 9 N. C. 248; *State* v. *Dourdon,* 13 id. 443; *Dana* v. *State,* 2 Ohio St. 91; *McMillen* v. *State,* 5 Ohio, 269; *Commonwealth* v. *Sweeney,* 10 S. & R. 173; *State* v. *Jones,* 1 McMull. 236; *State* v. *Brownlow,* 7 Humph. 63; *Croxdale* v. *State,* 1 Head. 139; *Thomas* v. *State,* 18 Tex. App. 213; *Smith* v. *State,* id. 399; *Edgerton* v. *State,* 70 S. W. Rep. (Tex.) 90; *State* v. *Parker,* 1 Vt. 298; *State* v. *Morton,* 27 id. 310; *United States* v. *Fisler,* 4 Biss. 9; *United States* v. *Britton,* 2 Mason, 464; *United States* v. *Smith,* 2 Cranch's C. C. 111. In those cases in which it has not been required that the indictment shall set forth a copy of the instrument forged according to its tenor the decision has been based upon a statute making it unnecessary. *State* v. *Bostick,* 34 Ala. 266; *McGuire* v. *State,* 37 id. 161; *Jones* v. *State,* 50 id. 161; *State* v. *Johnson,* 26 Iowa, 407; *State* v. *Rous,* 28 La. Ann. 43; *State* v. *Nelson,* id. 46; *Commonwealth* v. *Hall,* 97 Mass. 570; *Commonwealth* v. *McKeen,* 98 id. 9; *State* v. *Clinton,* 67 Mo. 380; *State* v. *Fay,* 65 id. 490; *Chidester* v. *State,* 25 Ohio St. 433; *State* v. *Childers,* 32 Ore. 119; *Coleman* v. *Commonwealth,* 25 Gratt. 865; *State* v. *Henderson,* 29 W. Va. 147; *State* v. *Wright,* 9 Wash. 96; *State* v. *Hill,* 30 Wis. 416; *Santolini* v. *State,* 6 Wyo. 110.

It is insisted on behalf of the People that the instrument is set forth in the indictment *in hæc verba* and that this is sufficient, and the cases of *Langdale* v. *People,* 100 Ill. 263, and *Trask* v. *People,* 151 id. 523, are cited. In the first place, it may be said that the indictment does not profess to set out the instrument *in hæc verba* but only in substance. Further, the cases cited do not decide any question whatever as to the indictment. The only question considered with reference to the description of the instrument set out in the indictment in either case is one of variance. In the *Langdale case* the indictment professed to set out an exact copy of the fictitious instrument, and in introducing the discussion of the question of a variance in the

instrument produced this language appears in the opinion: "While it was not at all necessary to set out the order *in hæc verba* in the indictment, yet when the pleader undertook to do so and averred that it was in the words and figures as follows, he was bound to set out each and every part of the written instrument which constituted any part of the written contract." The first clause above quoted, "while it was not at all necessary to set out the order *in hæc verba* in the indictment," had nothing whatever to do with the case. That question was not in the record. The instrument was set out. The statement was merely a remark made by the way, upon a question not before the court, without argument and manifestly without consideration, for it was directly contrary to the well established rule in such cases. The same language was used in precisely the same way in the *Trask case,* and the *Langdale case* was cited as authority. The point decided in both cases was, that if the pleader undertook to set out the instrument he must set out every part of the written instrument which constituted any part of the written contract. It was not decided that it was not necessary to set out the written instrument. A long settled rule of law cannot be changed by remarks made in argument in a case in which that rule is not a matter of consideration. No case from this or any other court has been cited in which, in the absence of a statute, an indictment has been sustained for the fabrication of a written instrument where the indictment did not profess to set out an exact copy of the instrument. We have found none ourselves except the case of *State* v. *Curtis,* 39 Minn. 357. The case of *Commonwealth* v. *Parmenter,* 5 Pick. 279, might, perhaps, be considered as inferentially supporting such an indictment, though the question there arose not upon the indictment but upon the question of variance. If it is to be so regarded, however, its authority is completely destroyed by the cases of *Commonwealth* v. *Wright, supra,* and *Commonwealth* v. *Tar-*

*box, supra,* which expressly state that that case "ought not
to control the uniform current of the English decisions,
supported by respectable American authorities."

In the case of *State* v. *Curtis,* above cited, the Supreme
Court of Minnesota ·by the decision of three judges, two
dissenting, held good an indictment for forgery which did
not set out the forged instrument, either in substance or
according to its tenor, but described it as a check, giving
its date, amount, the name of the drawer and payee but not
the name of the drawee. The opinion, without citing an
authority or mentioning the rule of the common law which
had been in force for more than two hundred years wher-
ever that law is administered, unless changed by statute,
held the indictment good because the instrument was called
a check, saying: "When it is designated as a check, and
especially when it is stated to have a drawer and payee and
to be for a specific sum, it appears that it was drawn on
some bank or banker as certainly as though the name of
the bank or banker were given, for without a drawee it
could not be a check." Here the court accepted the plead-
er's construction of the instrument and assumed that it was
a check because called so in the indictment. This was
precisely the thing which the common law rule was in-
tended to prevent by requiring the pleader to set the instru-
ment out, so that the defendant could demand, from the
face of the record, the judgment of the court as to whether
the instrument was a check or other instrument as to which
a forgery could be committed, and not be bound by the
judgment of the drawer of the indictment. So far as we
are advised no other court has made a similar decision, but
all have agreed in holding that the common law rule was
well established and could be changed by statute, only.

The rule under consideration is technical, but we can
not disregard it for that reason. It has been universally
recognized, and though strict is not without reason to jus-
tify it. The court cannot know that a forgery has been

committed without an examination and construction of the instrument alleged to be forged. No court would undertake to construe a written instrument from a statement of its substance and without having before it the whole instrument in its exact language. A forgery cannot be committed unless the forged instrument, if genuine, might be prejudicial to some one. How can a court know whether an indictment charges a forgery unless it knows the language of the alleged forged instrument? If the pleader's allegation of the substance of the instrument is accepted the defendant is bound by the pleader's construction instead of the court's. The legislature has not seen fit to change the rule. We have no power, if we had the desire, to do so. Changes in the law do not originate in the courts but in the legislature. Whatever may be the character of the rule, it is well established, and it is clearly the duty of the courts to enforce it. They are bound to administer the law as they find it. If a change in the rule of law under consideration is necessary to the promptness and certainty of the course of justice, it is the province of the legislature, and not of the courts, to make the change. The law requires the indictment to set forth an exact copy of the alleged fictitious instrument, and a substantial copy is not sufficient.

Other objections to the indictment and alleged errors in the trial are urged upon our attention, but as they will probably be avoided in a future prosecution it is not necessary to consider them.

The judgment is reversed, and since no conviction can be had upon this indictment the cause will not be remanded but the defendants will be discharged.

*Judgment reversed.*