OZZIE T. YOUNG *v*. STATE OF INDIANA.

[No. 271S37. Filed September 24, 1971.
Rehearing denied November 17, 1971.]

*Charles W. Symmes,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Stephen D. Clase,* Deputy Attorney General, for appellee.

HUNTER, J.—Appellant, Ozzie T. Young, after a trial to a jury, was convicted of first degree burglary and sentenced to the Indiana Reformatory for a period of not less than ten (10) years nor more than twenty (20) years. He appeals from the order overruling his belated motion to correct errors.

The belated motion to correct errors contains the following allegations of error:

1. That the verdict of the jury is not sustained by sufficient evidence.
2. The verdict of the jury is contrary to law.

3. The court erred in overruling defendant's motion to dismiss filed September 28, 1970.
4. The court erred in overruling defendant's motion for continuance made on September 28, 1970.
5. The court erred in overruling defendant's motion to discharge at the close of the State's evidence.

Since appellant's brief contains no argument in support of the issues raised in allegations three (3) and four (4), they shall be deemed waived under AP. 8.3(A)(7), which reads, in part:

"Each error assigned in the motion to correct errors that appellant intends to raise on appeal shall be set forth specifically and followed by the argument applicable thereto. . . . The argument shall contain the contentions of the appellant with respect to the issues presented, the reasons in support of the contentions along with citations to the authorities, statutes, and parts of the record relied upon, and a clear showing of how the issues and contentions in support thereof relate to the particular facts of the case under review.

. . .

*Any error alleged in the motion to correct errors not treated as herein directed shall be deemed waived.*" (our emphasis)

Thus, the primary issue before this court is whether the verdict is sustained by sufficient evidence. If we should find that the evidence is sufficient, the issues raised in specifications numbered one (1), two (2) and five (5) must necessarily be decided adversely to the appellant.

The crime of first degree burglary is defined in IC 1971, 35-13-4-4, (Ind. Ann. Stat. § 10-701 [1956 Repl.]), in part, as follows:

"Whoever breaks and enters into any dwelling-house or other place of human habitation with the intent to commit any felony therein . . . shall be guilty of burglary in the first degree. . . ."

When reviewing the evidence on appeal the function of this court was well defined in *Liston* v. *State* (1969), 252 Ind. 502, 506, 250 N. E. 2d 739, 741, where we stated:

"In determining whether there is sufficient evidence to uphold the conviction, this court has said many times that it will not weigh the evidence or determine the credibility of the witnesses. Also a verdict on appeal will not be disturbed if there is substantial evidence of probative value sufficient to establish every material element of the crime. Only that evidence most favorable to the state and all reasonable inferences to be drawn therefrom will be considered on appeal."

In the instant case, the evidence most favorable to the state reveals that one Hugh Bass, the owner and occupant of the house which appellant is accused of burglarizing, left his home in Indianapolis at approximately seven-twenty on the morning of April 24, 1970. Witness Bass testified that the doors and windows of the house were locked when he departed. At about eight-thirty on the morning in question, Lee, an Indianapolis Police Officer, received a call to investigate a suspected burglary in progress at the Bass home. Upon arrival, Lee found a Cadillac convertible parked in front of the house with the motor running. One policeman remained with the driver of the Cadillac while Lee ran up to the house and entered through a side door which was slightly ajar. After entering, Lee found two television sets, both unplugged, placed toward the center of the living room. A coin bank which had been pried open was found on the floor of one bedroom; a radio was found on the floor of the other bedroom. It was in this latter bedroom where Officer Lee discovered the appellant crouching inside the closet. After stating that he was not an occupant of the house, the appellant was placed under arrest and advised of his constitutional rights.

Officer Lee also found a tire tool on the floor of the dining room. The front door of the house was splintered, and it appeared as if it had been pried open. Mrs. Bass testified that the tire tool did not belong to any member of the Bass household, and a search of the Cadillac revealed that it did not contain a tire tool. Mrs. Bass, who returned to the house after being notified by the police, also testified that the tele-

vision sets and the other items found by Officer Lee had been disarranged since the time she departed the house earlier that morning. A police investigator took photographs at the scene. These photographs were identified at trial by Officer Lee and Mrs. Bass as being fair and accurate representations of the scene as viewed by them on the morning in question. These photographs, State's Exhibits One through Nine, were introduced into evidence at the trial.

The elements necessary to be proved to sustain a conviction of first degree burglary are:

1. A breaking and entering
2. into a dwelling-house or place of human habitation
3. with the intent to commit a felony therein.

Appellant argues that the evidence is insufficient for the jury to find that he forced entry through the front door of the house. This contention is based on the fact that appellant *may* have entered through the side door which *may* have been left ajar. However, where the evidence is such that the trier of fact might reasonably draw two opposing inferences, it is not within the province of this court to determine which inference should control. This determination is left to the trier of fact. See, *Stallings* v. *State* (1970), 255 Ind. 365, 264 N. E. 2d 618. The evidence is certainly sufficient for the jury to have reasonably inferred that the appellant removed the tire tool from the Cadillac and used it to pry open the front door of the Bass home. Apparently, the jury found that this did in fact, occur, and this finding will not be disturbed by this court on appeal.

Appellant next contends that the evidence is insufficient to sustain a finding of intent to commit a felony. We do not agree. Intent may be inferred from the circumstances of the case. See, *Robinson* v. *State* (1971), 257 Ind. 38, 271 N. E. 2d 727; *McIntosh* v. *State* (1970), 254 Ind. 484, 260 N. E. 2d 775. The facts indicate that certain valuable items had been placed toward the center of the

room; an automobile was parked outside the house with its motor running; appellant was found hiding in the bedroom closet by the investigating police officer. From these uncontradicted facts the jury could have reasonably and logically inferred that appellant intended to remove these items from the house to the awaiting automobile, but that before this could be accomplished, appellant was surprised by Officer Lee.

This court is of the opinion that the evidence is sufficient to sustain the jury's verdict. Therefore, the trial court correctly overruled appellant's belated motion to correct errors. The judgment of the trial court is affirmed.

Judgment affirmed.

Arterburn, C. J., DeBruler, Givan and Prentice, JJ., concur.

NOTE.—Reported in 273 N. E. 2d 295.