WARREN L. LEE v. STATE OF INDIANA.

[No. 1-672A12. Filed March 13, 1973.]

*Chester R. Hobbs,* of Salem, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

LYBROOK, J.—Defendant-appellant, Warren L. Lee (Lee), was convicted of theft by a jury and sentenced to not less than one nor more than ten years and fined $5,000.00.

Lee appeals, contending that the State failed to prove any intent on his part, alleging that this was a case of entrapment.

The evidence most favorable to the appellee is that on the evening of November 19, 1971, Lee was driving a pickup truck around the area of Salem. Joe Houchins and Gerald Eugene Wilson accompanied him. All three were drinking. Lee had told Wilson that they were going over to "Deb Wells place" (a lawn and garden supply business operated by Delbert R. Wells in Salem) and "get some saws" and that Wilson was going with him.

They stopped at the Tropical Lounge in Salem to purchase more wine and whiskey. Wilson testified that he went in alone and while there, called the Washington County Sheriff to "Tell him what they was getting ready to do and I didn't want no part of it."

Sheriff Nichols testified that Wilson did in fact call and told him there were two possible locations for the impending break-in, a television shop and Wells' place of business. He told Wilson to stay with Lee so he wouldn't get hurt.

Nichols then called the State Police and the Harrison County Sheriff to alert them to the threatened break-in of the television shop. He also dispatched a deputy to the Tropical Lounge in an attempt to apprehend Lee.

Sheriff Nichols also testified that being unable to locate the truck at Wells' shop or the Tropical Lounge, he deployed police cars in three directions in another attempt to apprehend Lee.

Lee and Wilson arrived at Wells' place of business approximately 20 minutes after the call to Nichols. Lee held a knife at Wilson's throat and ordered him to go up to Wells' door and knock. Wilson complied and Wells answered the door. They all went out to the shop and Wells unlocked a rack securing some chain saws, setting a few of them on the floor for Lee's inspection. Lee had said earlier that he was there to shop for a chain saw.

Lee suddenly grabbed two chain saws and ran toward the truck. Wells and Wilson went into the house and Wilson called the Sheriff at Wells' request. When they arrived back at the shop, four more chain saws were missing and Lee and the truck were gone.

Nichols finally spotted the truck and gave chase over back roads at high speeds, firing six shots and ramming the truck with his patrol car before finally forcing it off the road. Lee was arrested and six chain saws, identified by Wells as those stolen from him, were in the truck.

Appellant maintains that the Sheriff's failure to apprehend Lee within the twenty minute interval between the phone call and the theft, constitutes entrapment.

We do not agree.

Entrapment is available as a defense:

". . . only where a person has been instigated induced, or lured, for the purpose of prosecution, in the commission of a crime which he had no intention of committing. . . . Where the criminal intent originated in the mind of the person committing the criminal act, an accused may not avail himself of this defense." *Minton* v. *State* (1966), 247 Ind. 307, 214 N.E.2d 380.

In the case at bar, we cannot fathom appellant's reasons for concluding that the Sheriff entrapped him. The Sheriff's actions consisted of dispatching patrol cars to apprehend the defendant. Failing to do so within the 20 minutes interval does not suggest entrapment.

There is no evidence to support even an inference that Sheriff Nichols, or any one else, "instigated, induced, or lured" Lee into any criminal act. Rather, the Sheriff and all concerned were conscientiously attempting to apprehend Lee before he could commit a crime.

The question of intent is one for the jury and intent may be inferred from the voluntary commission of a criminal act. *Young* v. *State* (1971), 257 Ind. 173, 273 N.E.2d 285 and *Croney* v. *State* (1969), 252 Ind. 319, 247 N.E.2d 501.

The jury was completely justified in believing that Lee intentionally committed theft, not because of Nichols' efforts, but *in spite* of them.

There being no error in the trial, the judgment is affirmed.

Robertson, P.J. and Lowdermilk, J., concur.