JERRY JUSTICE *v.* STATE OF INDIANA.

[No. 1-273A42. Filed June 14, 1973. Rehearing denied July 18, 1973. Transfer denied October 16, 1973.]

*Harlan H. Hoffman, Hooper, Wilson & Hoffman,* of Lawrenceburg, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert E. Dwyer,* Deputy Attorney General, for appellee.

ROBERTSON, P.J.—The defendant-appellant (Justice) was charged with the offense of Aggravated Assault and Battery. After a jury trial he was found guilty of the lesser included offense of Assault and Battery.

Justice's motion to correct errors includes specifications that the verdict was contrary to the evidence, not supported by sufficient evidence and contrary to the law.

This court will not weigh the evidence nor resolve the questions of credibility, but will look to the evidence most favorable to the State and the reasonable inferences therefrom which support the verdict of the trial court or jury. *Washington* v. *State* (1971), 257 Ind. 40, 271 N.E.2d 888; *Davis* v. *State* (1971), 257 Ind. 46, 271 N.E.2d 893; *Sharp* v. *State* (1970), 254 Ind. 435, 260 N.E.2d 593; *Smith* v. *State* (1970), 254 Ind. 401, 260 N.E.2d 558.

A brief review of the evidence shows that Mills, the prosecuting witness, was standing in a farm store discussing farming with a Mr. Knigga. While talking Mills was picking jimsonweed stickers out of his hand and/or cleaning his fingernails with his Barlow pocket knife. Justice approached the pair and began cursing Mills and pointing his finger in close proximity to Mills' face. During the heated discussion Mills pushed Justice's hand away from his face. Also, Justice, having noticed the Barlow, procured a lug wrench and told Mills to put away the knife, which Mills immediately did. After further discussion Justice started to turn away and then seized Mills and threw him to the floor. Justice then kept Mills pinned to the floor until a state trooper arrived. Two of Mills' ribs were broken and he bled about his mouth and ear as a result of the scuffle.

The statute defining assault and battery reads:

"Whoever in a rude, insolent or angry manner, unlawfully touches another, is guilty of an assault and battery, and on conviction shall be fined not more than one thousand dollars [$1,000], to which may be added imprisonment in the county jail not exceeding six [6] months. . . ." IC 35-1-54-4, Ind. Ann. Stat. § 10-403 (Burns 1956).

In arguing that the verdict was contrary to the evidence and not supported by sufficient evidence, Justice argues that there was no showing by the State that the touching was unlawful because there was no showing of intent. (There is no question that touching occurred.)

It is well established law in Indiana that intent is a question of fact to be determined by the trier of fact from all the evidence. *Stanley* v. *State* (1969), 252 Ind. 37, 245 N.E.2d 149, *Tait* v. *State* (1963), 244 Ind. 35, 188 N.E.2d 537. Furthermore, intent may be inferred from circumstances which legitimately permit it. *Stanley* v. *State, supra, Young* v. *State* (1971), 257 Ind. 173, 273 N.E.2d 285, *Robinson* v. *State* (1971), 257 Ind. 38, 271 N.E.2d 727. Additionally, it has been held that voluntary commission of an act is sufficient to allow presumption of an intent in assault and battery cases. See *Black* v. *State* (1971), 256 Ind. 487, 269 N.E.2d 870, *Bleiweiss* v. *State* (1918), 188 Ind. 184, 119 N.E. 375. It is our opinion that in the instant case there was sufficient evidence from which the jury could reasonably infer the unlawful intent on the part of Justice.

Justice next argues that it was error for the trial court not to direct a verdict in his behalf at the close of the State's case, his case, and at the close of all the evidence. The argument is based upon the alleged failure of the State to make any proof of intent and great bodily harm or disfigurement, both of which are essential elements of aggravated assault and battery.

"A directed verdict is only proper where there is a total absence of evidence on some essential issue required to convict, or where the evidence is without conflict and susceptible to only one inference in favor of the accused. (citing authorities.)" *Bash* v. *State* (1970), 254 Ind. 671, 674, 262 N.E.2d 386.

Our prior discussion of intent negates Justice's argument in this regard. The remainder of this argument is based upon the failure of Mills or Mills' physician to characterize

the injury as great. Whether or not Mills suffered great bodily harm was for the jury to determine. Evidence about the broken ribs and the bleeding was sufficient to get the case to the jury.

The trial court refused to give Justice's tendered instruction embracing self-defense. Justice testified that he was scared of any man with a knife. There was other testimony about "bad blood" between Mills and other members of Justice's family. We are of the opinion that this is not sufficient to invoke self-defense as an element for the jury's consideration. The evidence revealed Justice to be the aggressor and that he had no legitimate basis to believe he was in danger. Compare: *Nelson* v. *State* (1972), 259 Ind. 339, 287 N.E.2d 336.

We need not discuss Justice's contention that the verdict was contrary to the law for the reason that it is, in its entirety, predicated upon the other allegations of error which have been heretofore discussed and decided.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 296 N.E.2d 916.