CHARLES R. HUDSON AND NANCY J. HUDSON *v*. EUDORA KELLEY, DWIGHT KELLEY, AS ADMINISTRATOR OF THE ESTATE OF JESSIE KELLEY, DECEASED, CLEO WILLOUGHBY, BEULAH JEAN PERCIFIELD AND RICHARD DALE KELLEY.

[No. 1-273A21. Filed July 17, 1973. Rehearing denied August 30, 1973.]

*Don M. Robertson, Bunger, Harrell & Robertson,* of Bloomington, for appellants.

*James B. Young, Young & Vandivier,* of Franklin, for appellees.

ROBERTSON, P.J.—This is an action by plaintiffs-appellants (Charles R. Hudson and Nancy J. Hudson, husband and wife), to reform a warranty deed executed to the Hudsons by defendant-appellee, Eudora Kelley. In their complaint, the Hudsons alleged, *inter alia,* that by mutual mistake of both the plaintiffs and the defendant, Eudora Kelley, or by mistake of the plaintiffs and inequitable conduct of Eudora Kelley, the real estate conveyed was erroneously described in the land contract and the deed. The first paragraph of the Hudson's complaint sought reformation of the deed and attorney's fees and other costs in the amount of $1,500. A second paragraph charged Eudora Kelley with misrepresentation through her agent and asked for damages in the sum of $6,500. At the conclusion of the evidence, the trial court found for defendants and that plaintiffs should take nothing by their complaint. Thereafter, the Hudsons filed a motion to correct errors in which they alleged that the court's decision was contrary to the evidence and contrary to law. The court overruled the motion, and the Hudsons now bring this appeal.

The facts of this case can be summarized as follows: Pursuant to a purchase agreement and a subsequent land contract, Eudora Kelley executed and delivered a warranty deed on December 22, 1962, to the Hudsons. The subject matter of the transaction was a parcel of real estate in Brown County, Indiana, consisting of approximately thirty-seven acres. Subsequent to completion of the transaction, the Hudsons became concerned over whether the legal description in the deed covered a small portion of property fronting on an east-west road-

way known as Green Valley Road. A professional survey confirmed that the legal description did not include the property. According to the testimony of Charles Hudson he believed that the intent of the parties was to include the piece of property and that the property he purchased was bounded on the north by Green Valley Road. The survey had revealed that according to the deed description the northern boundary of the property was 125 feet south of Green Valley Road at its northeast corner and 350 feet south of the road at the northwest corner.

Hudson further testified that upon being shown the property by the realtor with whom it was listed, timber on the disputed strip of land was pointed out as a selling point and that as another selling point a possible lake-site was indicated on the disputed property. Hudson also observed while viewing the premises that the "For Sale" sign was located on the land in controversy, and that the entire property, including the disputed area, was surrounded by a fence. The testimony of Hudson as to the location of the "For Sale" sign and the fence was substantiated by a neighboring land owner who testified that the sign was by the side of Green Valley Road, and that the northern boundary of the property was fenced along the roadway.

The realtor who listed the property testified that it was her understanding that Eudora Kelley intended to sell all of her property south of Green Valley Road. Another real estate salesman with the same firm stated that when showing the property he had always represented, in accordance with what he was told, that the road was the northern boundary of the property. A friend of Eudora Kelley testified that Miss Kelley stated to her that she made a mistake in the deed to the Hudsons and that the property came clear out to the road. According to the testimony of Mrs. Hudson, one of the plaintiffs, she had been shown the property by a realtor and at that time the roadway was described as the

northern edge of the property. Testimony by Eudora Kelley, who was eighty-three years old at the time of the trial, revealed that she remembered very little about the transaction and was uncertain about the property she conveyed to the Hudsons other than that it was south of Green Valley Road.

Hudson relies upon the case of the *Citizens National Bank of Attica* v. *Judy et al.* (1896), 146 Ind. 322, 43 N.E. 259, which held, *inter alia,*

> "It is said in Pomeroy's Eq. Jur., section 1376: 'Equity has jurisdiction to reform written instruments in but two well defined cases: (1) Where there is a mutual mistake,—that is, where there has been a meeting of minds,—an agreement actually entered into, but the contract, deed, settlement, or other instrument, in its written form, does not express what was really intended by the parties thereto; * * * In such cases the instrument may be made to conform to the agreement or transaction entered into, according to the intention of the parties.' " 146 Ind. 341, 342.

> "The rule is, that in an action to reform a written instrument the plaintiff must set forth the terms of the original agreement, and also the agreement as reduced to writing, and point out with clearness wherein there was a mistake." 146 Ind. 341.

Kelley's position is that Hudson failed to prove mutuality of mistake, the terms of the original agreement, and a failure to point out with clearness wherein there was a mistake.

We are of the opinion that judgment should have been rendered for Hudson by the trial court.

> "* * * It is only where the evidence is without conflict and can lead to but one conclusion, and the trial court has reached an opposite conclusion, that the decision of the trial court will be set aside on the ground that it is contrary to law." *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, at 532, 104 N.E.2d 669.

Our review of the evidence demonstrates there was no conflict in the testimony that the questioned parcel of real estate

was to be included in the purchase. The deed did not include this property and, therefore, should be reformed to properly reflect the transaction.

This cause is reversed and remanded for further action consistent with this opinion.

Lowdermilk, J., concurs; Hoffman, C.J., (by designation), concurs.

NOTE.—Reported at 298 N.E.2d 484.