ALONZO JOHNSON *v.* STATE OF INDIANA.

[No. 2-1274A306. Filed May 27, 1975.]

*Theodore M. Koch,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

LOWDERMILK, J.—The defendant, Alonzo Johnson, was found guilty as charged of the crime of conspiracy to commit

a felony, to-wit: uttering a forged instrument. This appeal is addressed only to the sufficiency of the evidence, it being charged that the State failed to prove the elements of knowledge of falsity and intent to defraud, both of which are essential to a conviction.

The evidence, viewed most favorably to the State, discloses that on the evening of April 14, 1973, the defendant, Alonzo Johnson, met with Robert Hudson concerning some fifty dollars the defendant owed Mr. Hudson. The defendant told Mr. Hudson he would pay him the money he owed him, but a check the defendant possessed would have to be cashed first. The two men, the defendant and Mr. Hudson, then left together in the same car in hope of cashing the check at the State Pharmacy, located at 1668 East Raymond Street, Indianapolis, as was suggested by Mr. Hudson.

Upon arriving at the State Pharmacy, the defendant asked Mr. Hudson to cash the check for him. The defendant told Mr. Hudson the check was made payable to one William Johnson, whom the defendant claimed to be his brother. The drawer of the check was Carl Jordan, on a check from the account of Jordan Cabinet Company. The defendant also gave Mr. Hudson the identification cards of William Johnson so that Mr. Hudson could cash the check at the State Pharmacy.

Mr. Hudson, upon cashing the check and returning with the money, received from cashing the check $123.48, gave the money to the defendant, who in turn, gave $50.00 to Mr. Hudson.

State Pharmacy then sent the check to the bank to be deposited, only to be notified by Merchants National Bank that the check had been forged, since there was no Carl Jordan who was authorized to sign the checks of the Jordan Brothers Cabinet Company. The check that had been cashed was one of a number of blank checks that had been stolen from the company.

Officer William Schlosser of the Indianapolis Police Department was then assigned to the case. By acquiring the regi-

scope picture of Mr. Hudson and the check, he was able to trace Mr. Hudson to his residence. Mr. Hudson subsequently informed the police of the defendant's part in cashing the check.

This court will not, on appeal, weigh the evidence nor determine the credibility of witnesses. When the sufficiency of the evidence is raised as an issue upon appeal, the court will consider only that evidence most favorable to the State, together with all logical and reasonable inferences which may be drawn therefrom. The conviction will be affirmed if, from that viewpoint, there is substantial evidence of probative value from which the trier of the facts could reasonably infer that the appellant was guilty beyond a reasonable doubt. *McAfee* v. *State* (1973), 259 Ind. 687, 291 N.E.2d 554; *Hopper* v. *State* (1974), 161 Ind. App. 29, 314 N.E.2d 98.

The elements of the crime of uttering a forged instrument have been defined as:

" '. . . the offering of a forged instrument, knowing it to be such, with a representation that it is genuine and with an intent to defraud. . . .' " *Gennaitte* v. *State* (1962), 243 Ind. 532, 188 N.E.2d 412.

Here, defendant contends that there is no evidence in the record to support a finding that the defendant knew that the check he gave to Mr. Hudson was forged, or that he intended to defraud anyone by attempting to cash the instrument.

It is well established that the requisite guilty knowledge and intent may be inferred from circumstantial evidence. *Finger* v. *State* (1973), 260 Ind. 148, 293 N.E.2d 25; *Sonafrank* v. *State* (1975), 163 Ind. App. 141, 322 N.E.2d 719; *Reid* v. *State* (1973), 156 Ind. App. 692, 298 N.E.2d 480.

Here, the evidence discloses that the defendant accompanied Mr. Hudson to the pharmacy, that he gave Mr. Hudson a check that both knew was made payable only to a third party, and that he provided Mr. Hudson with the identification of that

third party. Additionally, William Johnson testified at trial that he was the defendant's brother, that he did not live with the defendant, and that he did not ever give Mr. Hudson permission to use his identification. He further testified as follows:

"Q. Does your brother have your identification or do you have your own identification?

A. I have my own."

The evidence in this case is circumstantial, but the conviction may be sustained by circumstantial evidence alone, and we cannot say that, based on that evidence, although ▮▮ only circumstantial, and the reasonable inferences to be drawn therefrom, the evidence is insufficient as a matter of law. Where the sufficiency of circumstantial evidence is in question, we examine it carefully, not for the purpose of finding whether or not it is adequate to overcome every reasonable hypothesis of innocence, but with the view of deciding whether an inference may be reasonably drawn therefrom tending to support the finding of the trial court. *McAfee* v. *State, supra.*

Finding no error, the judgment of the trial court is affirmed.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 328 N.E.2d 456.