HENRY MACK LEWIS *v.* STATE OF INDIANA.

[No. 1-1175A197. Filed May 13, 1976.]

*Arthur Griffith,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Charles M. Russell,* Deputy Attorney General, for appellee.

ROBERTSON, C.J.—Defendant-appellant, Henry Mack Lewis (Lewis), was found guilty by a jury of uttering a forged

check in violation of IC 1971, 35-1-124-1 (Burns, Code Ed.). He now brings this appeal alleging error by the trial court in admitting certain exhibits into evidence, refusing Defendant's motion for directed verdict, and giving certain instructions to the jury. It also alleged that the verdict is not sustained by sufficient evidence and is contrary to law.

We affirm.

The facts most favorable to the State are that sometime prior to August 20, 1974, an Evansville businessman, Donald Drew, discovered some of his business checks to be missing, among them #1997.

On August 21, 1974, at Day's Market in Evansville, Lewis attempted to cash a check made out to him, drawn on Mr. Drew's business account, and ostensibly with Mr. Drew's signature affixed thereon. Not having sufficient cash, the owner of the market, Mr. Cosby, referred Lewis to a nearby pharmacy. Mr. Cosby, being suspicious, also contacted Mr. Drew. As a result, the pharmacy was notified and Mr. Cosby drove to the pharmacy where he was able to write down the auto license number as Lewis was leaving.

In the meantime, Lewis had proceeded to the pharmacy and had presented the check to the cashier. Before cashing the check, the cashier photographed Lewis and the check. As Lewis was leaving the pharmacy, the telephone call from Day's Market was received, and the pharmacist pursued Lewis to his car and asked that he return to the pharmacy. Upon returning to the pharmacy, Lewis exchanged the money he had received for the check and departed. Lewis was subsequently arrested.

It is alleged that the trial court erred in admitting State's Exhibits #1 and #2 into evidence over Defendant's objections. Defendant's contention is that State's Exhibit #1, the photograph of Lewis and the check, should not have been admitted into evidence because the State had not given Lewis notice to produce the original check as should have been done by

virtue of *The State* v. *Atkins* (1840), 5 Blackf. 458, and *Armitage* v. *The State* (1859), 13 Ind. 441. Whatever the inducement for such a requirement was in those decisions, we find no compelling reason for such strict adherence today.

There are essentially two purposes for attaching to an information the forged instrument or setting forth in the information the contents of the instrument. The first purpose is to permit a court to see the instrument or its contents to verify that it is one of those instruments, the false making or uttering of which is punishable by law. *The State* v. *Atkins, supra.* If it is, then a court may find probable cause to issue a warrant for arrest. The second purpose is to provide notice to a defendant of the nature of the charge against him. *McGinnis* v. *The State* (1865), 24 Ind. 500.

It is quite clear that parol evidence will be sufficient for both of the above purposes, as well as for conviction, if the State alleges that the instrument is lost, destroyed, or not produced by a defendant after notice to him to produce it. *Armitage* v. *The State, supra; McGinnis* v. *The State, supra.* We are left then with a question of the utility of requiring the State to give a defendant notice to produce an alleged forged instrument. As a practical matter, if such an instrument is in the hands of an accused, an information usually must be submitted to a court for purposes of getting a warrant before time would permit notice to and a reply from an accused. There is also a question of the wisdom of providing such an advance warning to an accused that a warrant is being sought for his arrest.

As to notice to a defendant of the nature of the charge against him, if an information describes with some specificity the subject instrument, that information should be sufficient notice to a defendant of the nature of the charge. A request by the State for the accused to produce the original instrument would add nothing to that notice.

Having determined that the State is not required to give an accused notice to produce an alleged forged instrument before parol evidence of its contents can be set forth in a information, we now must determine whether parol evidence will be admissible at trial where there has been no formal notice to produce by the State.

*McGinnis* v. *The State, supra,* was interpreted by the Indiana Supreme Court in *Sparks* v. *State* (1942), 220 Ind. 343, 42 N.E.2d 40, to stand for the proposition that "secondary evidence of a document in the possession of a defendant is admissible in evidence even without a demand for production". Such a view is particularly well suited to Indiana law today. Under our liberal discovery rules, a defendant is afforded an opportunity to apprise himself of the secondary evidence of an instrument that the State might have. He can avoid surprise, and he can be prepared to produce the original instrument *if it is in his interest* to do so. Discovery is typically a two-edged sword cutting for and against each party. We are cognizant, though, that the edge cutting for the State in a criminal prosecution is effectively blunted by the armor justly available to an accused in the form of his right not to be compelled to produce a written instrument, in his possession, to be used as evidence against him. Thus, there seems to be no justification, at least in criminal proceedings, in requiring the State to act out the futile formality of giving a defendant notice to produce the original instrument before secondary or parol evidence will be admissible. We find no error by the trial court in admitting State's Exhibit #1 into evidence.

State's Exhibit #2 was a sample signature of Mr. Drew. It was admitted into evidence, over objection, during Mr. Drew's testimony and before Exhibit #1 had been offered into evidence. Lewis contends that at the time it was admitted, Exhibit #1 did not tend to prove or disprove anything and was irrelevant. That contention is not incorrect—so far as it goes. The defendant overlooks the fact that Exhibit #1, though

admitted, was not, at the request of the State, submitted to the jury until Exhibit #2 was duly admitted. At this later point, the State connected the two exhibits as it had assured the court it would do when Exhibit #1 was offered. It was when Exhibit #2 was admitted into evidence that Mr. Drew's sample signature became relevant to demonstrate that the signature on the subject check was a forgery. We discern no harm suffered by the Defendant because of the order in which the exhibits were admitted, and we find no error.

Lewis next alleges error by the trial court in the giving of certain instructions to the jury.

It is contended that in its preliminary instruction #5, the trial court erred in stating that the jurors could not willfully and arbitrarily disregard the law. The contention is ill-founded; the instruction is a correct statement of the law. *See, Beavers* v. *State* (1957), 236 Ind. 549, 141 N.E.2d 118; *Abel* v. *State* (1975), 165 Ind. App. 664, 333 N.E.2d 848.

Defendant objected to the court's final instruction #1 complaining that the words, "Whoever falsely makes, or forges any check . . ." , carried with them the implication that the Defendant was charged with forgery as well as uttering a forged instrument and that the Defendant was thereby prejudiced. The court, in this instruction, set out the language of the statute itself, excising those parts that were not relevant to the case. When the foregoing words are viewed in context with the wording which followed them in the instruction ("or utters or publishes as true any such instrument or matter . . . "), it is clear that the offensive wording is necessary to describe the nature of the instrument the Defendant was charged with uttering. The instruction was proper.

Final instruction #6 concerned reconciliation by the jury of conflicts in testimony. The instruction was conditional in nature. If, as Lewis states, there were no conflicts in testimony, the instruction would not find application and would

be surplusage. We are not convinced, though, that the Defendant would suffer harm from the giving of the instruction.

In its final instruction #7, the court explained that "reasonable doubt" was not "a mere whim, captious, or speculative doubt". We conclude that Lewis' contention that he was prejudiced thereby is wholly without merit.

We find no error in the instructions given by the trial court.

Lewis finally argues that the State did not present any evidence of knowledge by Lewis that the check was forged or of his intent to defraud anyone, and that, therefore, his motion for a directed verdict was improperly denied, the evidence was insufficient to support a verdict of guilty, and the verdict of guilty was contrary to law.

When the issue of sufficiency of the evidence is presented on appeal, we will consider only the evidence most favorable to the State, together with all reasonable inferences to be drawn therefrom, and the conviction will be affirmed if there exists substantial evidence of probative value from which the trier of fact could reasonably infer that the Defendant was guilty beyond a reasonable doubt. *Johnson* v. *State* (1975), 164 Ind. App. 263, 328 N.E.2d 456; *McHaney* v. *State* (1972), 153 Ind. App. 590, 288 N.E.2d 284.

Circumstantial evidence alone may sustain a conviction if the evidence is of such probative value that a reasonable inference of guilt may be drawn therefrom. *Sonafrank* v. *State* (1975), 163 Ind. App. 141, 322 N.E.2d 719. We find that the testimony regarding Lewis' explanation to the pharmacist that he had received the check as payment for the sale of a car, when considered with Mr. Drew's testimony that he had not bought or sold a car, was of sufficient probative value that a trier of fact could have inferred that Lewis had knowledge the check was forged.

Similarly, the intent to defraud may be presumed from circumstantial evidence. *Reid* v. *State* (1973), 157 Ind. App. 15, 298 N.E.2d 484. If the evidence is such that the trier of fact

may reasonably infer that the Defendant knew the instrument was forged when he presented it for payment, then the presentation for payment itself is sufficient conduct to support a presumption of the requisite intent. *England* v. *State* (1968), 249 Ind. 446, 233 N.E.2d 168. The fact that no one was *actually* defrauded is immaterial since *intent* is the critical determination to be made.

We find no error in the trial proceedings. The judgment is hereby affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 346 N.E.2d 754.