GENE MOSES, KIM MOODY *v.* STATE OF INDIANA.

[No. 1-376A34. Filed August 26, 1976.]

*William G. Smock,* Terre Haute, for appellants.

*Theodore L. Sendak,* Attorney General, *Elmer Lloyd Whitmer,* Deputy Attorney General, for appellee.

LYBROOK, J.—The defendants-appellants, Gene Moses and Kim Moody, jointly appeal their conviction of robbery[1] presenting the following issues for review:

1) Whether the trial court gave an instruction that was an erroneous statement of the law.

2) Whether there is sufficient evidence to support the jury's verdict.

The evidence most favorable to the State reveals that at approximately 10:00 P.M. on the 4th of July, 1975, Kevin Oxendine, age 13, was riding a bicycle home, and was stopped by three individuals, Gene Moses, Kimberly Moody and Frank Williams, in front of a tavern in Terre Haute. Oxendine testified that as he was riding past the tavern Moses grabbed his arm and led him down the street. Williams and Moody walked along with the boy on the bike and Moses. Oxendine stated that at the time he was acquainted with Moses and Moody. Moody asked Oxendine if he had any money and if so could Moody borrow it. Oxendine stated that he did have money but that he needed it to pay his paper bill. At trial Oxendine testified that he was a newspaper boy. Williams threatened to hit the boy in the eye if he refused to give the money to Moody and Moses grabbed at the boy's wallet, while flipping cigarette ashes on his arms. Moody promised to pay the boy back at the bank in the morning if the boy would lend him the money. Oxendine testified at trial that he did not believe at the time he surrendered the money that he would be repaid in the morning as Moody represented; however, fearing that he would be hit by Williams, he took his money, counted it, and handed it ($27.00) to Moody. Moody grabbed the money and walked into the tavern with Moses and Williams. A witness

---

1. IC 1971, 35-13-4-6 (Burns Code Ed.).

testified that he saw Moody dispensing the money to Williams and Moses inside the tavern.

On July 9, 1975, Moody and Moses were charged with robbery and assault and battery with intent to commit a felony.[2] The defendants pleaded "not guilty" and requested a trial by jury. At the close of the State's evidence, the trial court directed a verdict of acquittal for both defendants on the charge of assault and battery with intent to commit a felony. On September 11, 1975, the jury returned a verdict of guilty against both defendants on the charge of robbery and they were sentenced to the Indiana Department of Corrections for ten years. From this conviction defendants appeal.

## I.

The first issue for our consideration is whether the trial court gave an instruction that was an erroneous statement of the law. The appellants argue that this instruction did not adequately instruct the jury concerning the intent necessary for the commission of this crime.

We initially determine that the appellants have waived this issue. A search of the record reveals that the defendants neither tendered an instruction covering this point nor did they *specifically* object to this instruction. The trial court has the statutory duty to adequately instruct the jury on ". . . all *matters of law which are necessary for their information in giving their verdict.* . . ." IC 1971, 35-1-35-1 (Burns Code Ed.). However, while the statute requires the court to properly instruct the jury upon the law of the case, it is necessary for a party to tender additional instructions if he desires more specific instructions declaring the law applicable to the facts of the case. This principal is succinctly stated in *Barker* v. *State* (1957), 238 Ind. 271, 150 N.E.2d 680:

2. IC 1971, 35-1-54-3 (Burns Code Ed.).

"The appellant tendered no instruction upon lesser included offenses, yet insists that the court erred by failing to instruct the jury under Burns' § 9-1805, which states in part:

'In charging the jury the court must state to them all matters of law which are necessary for their information in giving their verdict.'

The above portion of the statute does not relieve a party from submitting desired instructions, if the court, through oversight or otherwise, fails to instruct as fully as a party desired. *Counsel, knowing the court is omitting the instruction upon some point in the case, may not remain quiet and tender no instruction and afterwards claim the court erred.* Such practice would be wrong and mischievous." (Emphasis added.)

The defendants by failing to tender a desired instruction upon evil intent have waived this question. To hold otherwise, would invite error by inaction.

On the merits, appellants argue that the instruction is an incomplete, incorrect and misleading statement of the law on aiding and abetting because neither this instruction nor any other read by the court adequately instructed the jury on "intent".

The language used in the instruction in question is a correct statement of the law on aiding and abetting. *Schmidt* v. *State* (1970), 255 Ind. 443, 265 N.E.2d 219; *Mobley* v. *State* (1949), 227 Ind. 335, 85 N.E.2d 489. This instruction when considered with the one that immediately preceded it, which recites the language of the aiding and abetting statute, adequately defines the law on aiding and abetting.

We recognize that criminal intent is an essential element of the crime of robbery. *Snipes* v. *State* (1974), 261 Ind. 581, 307 N.E.2d 470. While none of the given instructions specifically refers to the element of criminal intent we do not feel that the jury was improperly instructed.

It is well settled in Indiana that instructions are not to be considered separately, but as a whole. *Loftis* v. *State* (1971),

256 Ind. 417, 269 N.E.2d 746. Other instructions given to the jury spoke of "violence" or "putting in fear." We conclude, as the Supreme Court did in *Gregory* v. *State* (1973), 259 Ind. 652, 291 N.E.2d 67, that:

\* \* \*

"The requisite felonious intent is inferred by the allegations of violence, putting in fear and taking from the person, just as it is inferred in the statute."

\* \* \*

Since the element of intent, was sufficiently covered by another instruction read by the trial court, we find no merit in the defendant's contention.

## II.

Finally the defendants contend that there was insufficient evidence of probative value adduced to support the jury's verdict. The defendants specifically argue that the evidence fails to show that:

(1) they had the necessary criminal intent to commit the crime of robbery; and

(2) they used violence or placed the victim in fear.

We disagree.

The essential elements which the State must prove beyond a reasonable doubt to sustain a conviction of robbery are: (1) an unlawful taking (2) from the person of another of (3) an article of value (4) by violence or putting in fear. IC 1971, 35-13-4-6 (Burns Code Ed.) ; *Burton* v. *State* (1973), 260 Ind. 94, 292 N.E.2d 790. Criminal intent is, also, an essential element of the crime of robbery. *Snipes* v. *State, supra; Gregory* v. *State, supra.*

It must be remembered that when reviewing an appeal on sufficiency of the evidence, this Court will not weigh the evidence nor determine the credibility of witnesses. We will consider only that evidence most favorable to the State, together with all logical and reasonable in-

ferences to be drawn therefrom. The conviction will be affirmed if, from that viewpoint, there exists substantial evidence of probative value from which the trier of facts could reasonably infer that the defendants were guilty beyond a reasonable doubt. *McAfee* v. *State* (1973), 259 Ind. 687, 291 N.E.2d 554; *Lewis* v. *State* (1976), 169 Ind. App. 172, 346 N.E.2d 754; *Johnson* v. *State* (1975), 164 Ind. App. 263, 328 N.E.2d 456.

The defendants urge that the evidence fails to show any criminal intent on their part to commit this crime. They assert that this money transaction was a loan which was to be repaid the next day. Defendants point out that the record shows that the prosecuting witness had loaned money to them on prior occasions.

The State argues that the evidence is sufficient to show the necessary criminal intent in that the victim did not willingly part with his money nor did he expect to be repaid.

It is well established in Indiana that criminal intent is a question of fact to be determined by the trier of fact from all the evidence. *Stanley* v. *State* (1969), 252 Ind. 37, 245 N.E.2d 149; *Tait* v. *State* (1963), 244 Ind. 35, 188 N.E.2d 537; *Justice* v. *State* (1973), 156 Ind. App. 411, 296 N.E.2d 916; *Lee* v. *State* (1973), 155 Ind. App. 492, 293 N.E.2d 220. Furthermore, the criminal intent to commit the crime of robbery may be inferred from the surrounding circumstantial evidence. *Sinks* v. *State* (1956), 235 Ind. 484, 133 N.E.2d 563. If two reasonable inferences arise from the evidence, this court will not determine which inference controls, that being within the province of the jury. See, *Young* v. *State* (1971), 257 Ind. 173, 273 N.E.2d 285.

We conclude that the jury could have reasonably inferred from the evidence presented that the defendants had the necessary criminal intent to commit the crime.

The defendants further argue that the evidence fails to show that they took the money by using violence or placing the victim in fear.

The prosecuting witness testified that he had no reason to fear the defendants Moody and Moses. He also stated that neither Moses nor Moody threatened him in any way. However, he did testify that he was afraid of being hit by the third individual, Frank Williams, if he did not turn over the money.

While defendants argue that they did not use violence or place the victim in fear, the direct testimony of the victim demonstrates that he was placed in fear by the defendants' confederate. Thus, the defendants' contention must fail because it ignores a fundamental principle of our criminal law. IC 1971, 35-1-29-1 (Burns Code Ed.), reads as follows:

"Every person who shall aid or abet in the commission of a felony, or who shall counsel, encourage, hire, command, or otherwise procure a felony to be committed, may be charged by indictment, or information, tried and convicted in the same manner as if he were a principal, either before or after the principal offender is charged, indicted or convicted; and, upon such conviction he shall suffer the same punishment and penalties as are prescribed by law for the punishment of the principal." [Acts 1905, ch. 169, § 224, p. 584; 1974, P.L. 143, § 17, p. 604.]

As stated in *Cline* v. *State* (1969), 253 Ind. 264, 267, 252 N.E. 2d 793, 795:

"A defendant is responsible for the acts of his confederates as well as his own. It is not essential that participation of any one defendant in each element of robbery be established. Here the appellants acted in unison. Any act of one is attributable to them all." (Citations omitted).

In the case at bar, the defendants acted in unison with Frank Williams in committing this robbery. Therefore, Williams' actions which placed the victim in fear may be attributed to the defendants, Moses and Moody, making the evidence sufficient to support the jury's verdict.

No reversible error having been shown, the judgment of the trial court is affirmed.

Affirmed.

Robertson, C.J. and Lowdermilk, J., concur.

NOTE.—Reported at 352 N.E.2d 851.