David A. WOODS, Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 1–1178A342.

Court of Appeals of Indiana,
First District.

July 17, 1979.

Harriette Bailey Conn, Public Defender, David P. Freund, and Marcia L. Dumond,

Deputy Public Defenders, Indianapolis, for defendant-appellant.

Theodore L. Sendak, Atty. Gen., Joel Schiff, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

LOWDERMILK, Presiding Judge.

## STATEMENT OF THE CASE

After a jury found defendant-appellant David A. Woods (Woods) guilty of forgery,[1] the Fountain Circuit Court imposed a sentence of not less than two nor more than fourteen years.

## FACTS

Woods was serving as a paid informant for the State Police Department and was attempting to gain evidence to be used in prosecuting Robert Woolwine. Woods stipulated at trial that the writing which appeared on each of three checks introduced into evidence was authored by Woods without the authorization of Max Summers, whose name appeared as the maker of the checks. Woods testified that he had been authorized to commit no criminal acts while serving as an informant. Woods was charged with two counts of forgery; the jury found him guilty on one count.

## ISSUES

1. Did the trial court give erroneous instructions concerning reasonable doubt and testimony of an accomplice?

2. Was there sufficient evidence to prove intent to defraud?

3. Were the verdicts on Count I and Count II fatally inconsistent?

4. Should Woods have been sentenced pursuant to the provisions of the Revised Criminal Code of 1977 when the crime was committed prior to the effective date of the Revised Criminal Code but sentence was imposed after the effective date?

*Issue One*

■ Woods asserts that the trial court gave an erroneous instruction concerning reasonable doubt. We agree that the instruction is not exemplary. Nevertheless, the jury was informed that it could not act upon speculation or whim and could not convict Woods if it found only a possibility of guilt. The trial court instructed the jury that the evidence had to produce in the mind of each juror a firm belief of Woods' guilt. The instruction, when read in its entirety, did not mislead the jury. We do not find reversible error.

■ Woods argues that the trial court gave an incomplete instruction concerning the testimony of an accomplice. He does not allege that he tendered a more complete instruction. Although the trial court has a duty to instruct the jury upon the law of the case, each party has a duty to tender additional instructions if he desires more specific instructions explaining the law which is applicable to the facts. *Moses v. State*, (1976) Ind.App., 352 N.E.2d 851. Failure to meet this duty constitutes waiver of any error. *Moses v. State, supra.*

■ Woods could not prevail on the merits of his argument, Woods asked that the instruction be amended so that the jury would be warned to carefully scrutinize the testimony of Woolwine. Such an instruction would erroneously have invaded the province of the jury. *Murphy v. State*, (1977) Ind., 369 N.E.2d 411.

*Issue Two*

■ Woods argues that the State failed to prove intent to defraud.

Woods stipulated that he wrote the checks without the authorization of the person who was shown as the maker of the checks. Woods testified that he had no authority to commit a criminal act while serving as a police informant. Woods further testified that he wrote the checks so that Woolwine could obtain money for alco-

---

1. IC 1971, 35-1-124-1 (Burns Code Ed.). Repealed by § 24 of the Acts of 1976, P.L. 148.

hol or drugs. We find abundant evidence of intent to defraud.

*Issue Three*

■ Woods was charged with two counts of forgery based upon two different checks which he had written on the same date. The jury found him guilty only on Count II. Woods contends that the verdicts were so inconsistent that his conviction on Count II must be reversed. ·

Our Supreme Court held in *Flowers v. State*, (1943) 221 Ind. 448, 48 N.E.2d 56, that consistency in the verdicts is not required. We decline Woods' invitation to depart from this precedent.

*Issue Four*

■ When Woods committed the crime on June 19, 1975, a conviction for forgery warranted a sentence of two to fourteen years. IC 1971, 35–1–124–1 (Burns Code Ed.). The Revised Criminal Code of 1977 became effective October 1, 1977. At the time Woods was sentenced on July 25, 1978, the crime of forgery was a class C felony dictating a sentence of five years, with three years added or subtracted for aggravating or mitigating circumstances. IC 1971, 35–43–5–2 (Burns Code Ed., Repl. 1979) and IC 1971, 35–50–2–6 (Burns Code Ed., Repl. 1979). Woods maintains that he should have been sentenced pursuant to the provisions of the Revised Criminal Code of 1977 rather than receiving his sentence of two to fourteen years.

In the recent case of *Lewandowski v. State*, (1979) Ind., 389 N.E.2d 706, the defendant was convicted of delivery of a controlled substance. At the time the offense

charged was allegedly committed, delivery of a controlled substance was punishable by imprisonment for a determinate period of not less than five nor more than twenty years. Before judgment was imposed, the sentencing provision was amended by the Legislature and the maximum sentence was reduced to one year. Justice Prentice wrote at page 707, of 389 N.E.2d:

"Under identical facts, the Court of Appeals in *Maynard v. State*, (1977) Ind. App., 367 N.E.2d 5, held that Maynard should have been sentenced under the amended statute. In so doing, it applied the logic of dicta from its earlier case of *Dowdell v. State*, Ind.App., 336 N.E.2d 699, 702 n.8. . . . In *Dowdell v. State*, *supra*, Judge Staton indicated that the enactment of a [sic] ameliorative sentencing amendment was, in itself, a sufficient indication of the legislative intent that it be applied to all to whom such application would be possible and constitutional, thereby obviating application of the general savings statute, Ind.Code 1971, 1–1–5–1 (Burns Code Ed.). We are comfortable with that viewpoint, inasmuch as that statute is a general savings clause only, *as opposed to those often appended to specific enactments, as in the case of the Revised Criminal Code of 1977*. We are, therefore, in agreement with the holding in the *Maynard* case and hold that the defendant should have been sentenced in accordance with the decision therein. . . ." (Our emphasis)[2]

Giving due regard to the opinion in *Lewandowski v. State*, *supra*, we hold that the trial court correctly sentenced Woods pursuant to the provisions of the statute in

2. The savings clause included in the Revised Criminal Code of 1977 and referred to by Justice Prentice is found at § 150 of the Acts of 1977, P.L. 340:
 "(a) Neither this act nor Acts 1976, P.L. 148 affects:
 (1) rights or liabilities accrued;
 (2) penalties incurred; or
 (3) proceedings begun before October 1, 1977. Those rights, liabilities, and proceedings are continued, and penalties shall be

imposed and enforced as if this act and Acts 1976, P.L. 148 had not been enacted.
 (b) *An offense committed before October 1, 1977, under a law repealed by Acts 1976, P.L. 148 shall be prosecuted and remains punishable under the repealed law.*
 (c) Notwithstanding subsections (a) and (b) of this Section, a defense available under IC 35–41–3 is available to any defendant tried or retried after September 30, 1977." (Our emphasis)

effect at the time the crime was committed.[3]

Judgment affirmed.

LYBROOK and ROBERTSON, JJ., concur.

3. See also *State v. Palmer*, (1979) Ind., 386 N.E.2d 946.