Timothy COBBS, Appellant,

v.

STATE of Indiana, Appellee.

No. 580 S 160.

Supreme Court of Indiana.

March 9, 1981.

J. Michael Katz, Merrillville, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Appellant Timothy Cobbs was charged in Lake Superior Court with class B robbery, Ind.Code § 35-42-5-1 (Burns 1979 Repl.). Cobbs was tried to a jury and convicted as charged. The trial court sentenced Cobbs to a prison term of fourteen years. This appeal followed.

The sole issue Cobbs presents to us concerns the sufficiency of the evidence. He contends that the crime of robbery requires: (1) an unlawful taking (2) by violent means or by placing someone in fear of violence. Appellant asserts that the evidence is not sufficient to sustain the verdict.

The evidence reveals that appellant Cobbs approached the victim, Velves Thomas, at Olsen Cadillac, Thomas' place of work, in late October, 1979. Cobbs told Thomas that Thomas owed Cobbs twenty-five dollars. Cobbs then produced a .38 caliber revolver and repeated the statement. Thomas then gave Cobbs approximately thirty dollars. Thomas testified that he recognized Cobbs, but did not know him personally. He further testified that he did not report this incident to the police.

Approximately six days later, on November 3, Cobbs and a female companion approached Thomas in the hotel where Thomas boarded. The three then went to Thomas' room, where Cobbs again took some money from Thomas, this time it was twenty-five dollars. Cobbs was armed with a handgun during this incident. Cobbs told Thomas that he would return later for more money, and Cobbs and his companion then left Thomas' room.

True to his word, Cobbs and his female companion returned to Thomas' room two days later. Thomas attempted to lock them out of the room, and telephoned the police when Cobbs attempted to gain entry by force. Cobbs left the scene without taking any money from Thomas before police arrived. When Cobbs appeared at Olsen Cadillac approximately one week later, the police were called and Cobbs was apprehended. Cobbs was charged with robbery in connection with the second occasion on which he took money from Thomas.

Cobbs' defense at trial and here on appeal is that he had previously loaned Thomas money. He asserts that, on the occasion in question, he was merely collecting the money which Thomas allegedly owed to him. In conjunction with this claim, he argues that robbery requires an "unlawful taking." Thus, he contends that, if he were merely collecting an unpaid debt, no "unlawful taking" occurred, and, therefore, he is not guilty of robbery.

■ Appellant's argument in effect asks us to reweigh the evidence presented at trial. The robbery statute states in part:

"A person who knowingly or intentionally takes property from another person or from the presence of another person:

(1) by using or threatening the use of force on any person; or

(2) by putting any person in fear; commits robbery, a Class C felony. However, the offense is a Class B felony if it is committed while armed with a deadly weapon...."

There is no question here that Cobbs relieved Thomas of the money, nor that he did so at the point of a gun. Thomas denied owing Cobbs any money. Thus, there was conflicting evidence on that point; resolution of that conflict was a task for the jury. *Moses v. State,* (1976) 170 Ind.App. 451, 456, 352 N.E.2d 851, 855. More important, even if Thomas had undisputedly owed Cobb this money, Cobb would not have been justified in taking the money by threatening to use force or by placing Thomas in fear; Cobbs' actions would still have constituted a robbery. It was also the jury's task to determine, from the surrounding circumstances,

Cobbs' intent and the lawful or unlawful nature of the taking. *Johnson v. State,* (1980) Ind., 399 N.E.2d 360, 361–62; *Perry v. State,* (1980) Ind.App., 401 N.E.2d 792, 794. *See Williams v. State,* (1979) Ind., 393 N.E.2d 149. Two such surrounding circumstances here, of course, were Cobbs' repeated "collection" of the "debt", and his repeated brandishing of a handgun in Thomas' presence.

■ We conclude there was sufficient evidence to support the jury's finding that Cobbs committed a class B robbery. The judgment of the trial court is affirmed.

All Justices concur.