**Lorenzo STONE, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 45S00–8909–PC–729.**

Supreme Court of Indiana.

March 6, 1992.

Rehearing Denied May 7, 1992.

Susan K. Carpenter, Public Defender, Richard C. Clarke, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

In October of 1976, appellant was convicted of Felony Murder and was sentenced to prison for life. This Court affirmed that conviction. *Stone v. State* (1978), 268 Ind. 672, 377 N.E.2d 1372.

In April of 1986, Stone filed a *pro se* petition for post-conviction relief. At the hearing on that petition, he was represented by the State Public Defender's Office. Following a hearing, the trial court denied relief. The Public Defender's Office appealed from that denial.

The evidence shows that appellant, together with four other men, James, Barber, Rogers, and Williams, went to Mona's Lounge in Gary, Indiana at approximately 10:00 p.m. and announced a holdup. However, one of the patrons, David Clay, who was armed at the time, shot at the robbers wounding Rogers but sustaining fatal wounds himself. Because of Rogers' injuries, he sought treatment in a local hospital following which police were able to track him down. They discovered he had a criminal record and were able to determine who his associates were. Armed with this information, they picked up his associates for questioning. Following questioning, both James and Stone admitted their part in the robbery. The case then was submitted to the grand jury and an indictment was returned against the men.

At the time he was arrested, Stone told the police officers he was nineteen years of age. The officers made a cursory examination of his prior arrests and found that he had made statements concerning his age consistent with his claim that he was nineteen years of age. He therefore was treated as an adult, and his parents were not called to be present at the time he was questioned. He was permitted to sign a *Miranda* waiver on his own. Later, and before the grand jury hearing, the officers discovered that appellant in fact was seventeen years of age and had lied about his age in order to be placed in the adult section of the jail where he would be permitted to smoke.

One of the witnesses to the attempted robbery, John Means, stated that he particularly noticed appellant at the scene of the robbery because he was the one with the gun. When police first talked to Means, they showed him a photographic lineup which included appellant's picture. However, he failed to identify anyone. Later, in a lineup including appellant, he identified him. He also positively identified appellant at his trial. Other witnesses identified other participants in the attempted holdup.

Appellant now claims that his original trial counsel, his original appellate counsel, and his counsel at the post-conviction relief hearing were all ineffective; therefore, he should be granted a new trial or at the very least afforded a new hearing on his post-conviction relief petition.

■ To support his claim that his trial counsel was ineffective, he claims that proper investigation and questioning by his trial counsel would have disclosed that police officers knew appellant's true age to be seventeen at the time he was picked up for questioning and that they deliberately permitted him to claim he was nineteen in order to obtain a statement from him without the presence of a parent.

Appellant contends this fact is established by the testimony of police officer Komenich because he testified before the grand jury that he knew appellant was seventeen years of age. However, an examination of the record fails to support appellant's contention. The statements he made to the police at the time he was claiming to be nineteen years of age were made on February 25, 1976. The grand jury testimony by Officer Komenich was March 29, 1976.

It is obvious from the testimony of the officer that at the time appellant made his statement the officer honestly believed him to be nineteen years of age. It also is obvious that between that time and the grand jury testimony the officer had learned that the appellant was only seven-

674

teen years of age at the time he made his statement.

In fact, in questioning the officer, the prosecuting attorney referred to appellant as being nineteen years of age. He was corrected by the police officer who had since learned that appellant's true age was seventeen years. This matter was discussed thoroughly in appellant's original appeal wherein the case of *Lewis v. State* (1972), 259 Ind. 431, 288 N.E.2d 138 was discussed concerning the validity of juvenile waiver of constitutional rights.

There this Court stated that it was in no way overruling the holding in *Lewis* where, as in the case at bar, a good faith and diligent effort is made to determine the age of a suspect and they are frustrated in their effort by misstatements of the suspect as to age, the law will be deemed satisfied. This of course is the law of the case and is not subject to relitigation here. We cannot agree with appellant that this in any way demonstrated ineffective assistance of trial counsel.

■ Appellant also claims trial counsel failed to raise the illegality of his arrest. He contends the officers had no probable cause to bring him in for the questioning which resulted in his inculpatory statement. However, there is ample evidence in this record that because of the wounding of Rogers, police officers were able to determine that he in fact had participated in the robbery and that they were justified in questioning his known associates. We see no ineffectiveness of trial counsel in failing to raise such an issue.

Appellant also contends his lineup identification was tainted because one of the robbers was alleged to be wearing a fur-trimmed, orange jacket and in the lineup he was the only person wearing such a jacket. Appellant cites the case of *Stovall v. Denno* (1967), 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199, for the proposition that when identification procedures are so unnecessarily suggestive that they are likely to cause misidentification, they must not be permitted. However, in *Stovall*, the defendant was taken handcuffed by the police to the bedside of the victim's injured wife

where he was identified by her as the assailant. The case at bar is a far cry from the factual situation in *Stovall*.

Appellant also cites *Norris v. State* (1976), 265 Ind. 508, 356 N.E.2d 204. In *Norris*, the identifying witness had seen a newspaper picture of the accused prior to her lineup identification. However, in that case, this Court declined to hold that to be an improperly suggestive identification and affirmed appellant's conviction.

Appellant also cites *Johnson v. State* (1972), 257 Ind. 634, 277 N.E.2d 791. However, in that case, after thoroughly discussing the general rules on suggestive identifications, the Court held that each case must be decided on its own facts, that there the facts did not indicate an impermissibly suggestive identification, and affirmed the conviction. The same is true of appellant's citation of *Stacks v. State* (1978), 175 Ind. App. 525, 372 N.E.2d 1201, wherein the Court of Appeals, after citing the general rule, held that the identification there was not unduly suggestive and the conviction was affirmed.

■ In the case at bar, there is no evidence in the record that police interfered with appellant's manner of dress when he appeared in the lineup. Although he was wearing a distinctive jacket and the identifying witness stated he was wearing a jacket of that description during the robbery, the witness was emphatic that he was identifying appellant by his facial appearance. We see nothing in this record which would justify declaring trial counsel ineffective for failure to raise this issue.

■ Appellant claims trial counsel was ineffective in failing to object to the instructions on robbery. The trial court used the statutory definition of robbery in instructing the jury. Appellant now claims that the instruction was defective because it did not include a statement that intent was an essential element of robbery and that the jury must find that when appellant entered the building he intended to perpetrate the robbery. Appellant cites *Abercrombie v. State* (1985), Ind., 478 N.E.2d 1236, 1239 to support his position.

However, in that case, this Court held that the trial court should in properly instructing the jury state that appellant's actions must be taken "knowingly" and "intentionally." There, however, although we stated that the instructions would have been better if they had specifically defined those words, we did find that the instructions that were given in fact did inform the jury that guilt must rest upon a knowing and intentional state of mind and affirmed Abercrombie's conviction.

In the case at bar, the trial court used the terminology "while perpetrating or attempting to perpetrate robbery" which clearly conveys to the jury that the act must be intentional. This type of situation was thoroughly discussed in *Gregory v. State* (1973), 259 Ind. 652, 291 N.E.2d 67 and *Moses v. State* (1976), 170 Ind.App. 451, 352 N.E.2d 851. The giving of the instruction does not constitute reversible error. We therefore cannot say trial counsel was ineffective for failing to raise an objection to that instruction.

Appellant contends he was deprived of effective appellate counsel for that counsel's failure to raise the above issues in the original appeal. For the aforementioned reasons, we cannot agree with appellant and find no ineffectiveness of appellate counsel.

Appellant claims he was deprived of effective assistance of post-conviction counsel in that counsel, after placing in evidence his original record of proceedings, appellant's and appellee's briefs in the original appeal, and the affidavit of appellant's trial attorney which stated that the trial attorney did not remember this case, the only other evidence submitted was appellant's own testimony concerning the wearing of the orange jacket at the lineup and his age at the time of the statement. He claims the post-conviction attorney failed to properly present the issues to the post-conviction court nor was proper argument made concerning the manner of presentation at the trial level.

To support this position, appellant cites portions of the transcript of the post-conviction hearing wherein the trial judge was pointing out to appellant and his counsel that he understood what appellant and his counsel were contending but that they were presenting no solid evidence on that subject. He was informing them that he could not make a decision based entirely upon their conclusions without further evidence. The fact is, the record in this case supports the statement of the police officer that at the time appellant was questioned it was believed that he was nineteen years of age. It was only after he had made his statement and before the officer's testimony before the grand jury that his true age had been ascertained. Counsel cannot be deemed ineffective because factual evidence is not available on a given subject.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, J., concur.

DICKSON, J., dissents without separate opinion.

KRAHULIK, J., concurs in result without separate opinion.